[No. 4484.]

## GUMAER v. DRAPER.

1. **Practice—Pleading—Prayer for Relief.**

Under section 169 of the civil code a plaintiff is entitled to any relief consistent with the case made by his complaint and embraced within the issue, although not specifically prayed for.

2. **Same.**

A defendant cannot complain of a decree which granted the relief prayed for in his cross-complaint, even though it was erroneous.

3. **Same—Action for Possession—Decree of Foreclosure.**

In an action for possession of land which plaintiff alleged he contracted to sell to defendant conditioned upon certain payments to be made by defendant which defendant failed to make, where the defendant answered by cross-complaint alleging facts which relieved him of the obligation of making the payments at the times stipulated and offering to pay the amounts and praying for a decree requiring plaintiff to convey the property to defendant, a decree denying possession to plaintiff but giving him a vendor's lien on the property, and requiring him to convey to defendant upon payment of the balance of the purchase price within a time named, and upon defendant's failure to make the payment the land to be sold to satisfy plaintiff's lien, was within the issues of the case.

4. **Contracts—Sales—Deferred Payments—Time—Evidence.**

In a contract for the sale of land where the contract provided for a certain interest on deferred payments from date and an increased rate after maturity, and where the seller made no demand for the payments at the time they became due, the facts justified a finding that time was not of the essence of the contract.

*Appeal from the District Court of Fremont County: Hon. M. S. Bailey, Judge.*

Mr. JAMES T. LOCKE and Messrs. PATTERSON, RICHARDSON & HAWKINS, for appellant.

Messrs. WALDO & DAWSON, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Negotiations for the purchase by Mrs. Gumaer, appellant, defendant below, of certain lands in Custer and Fremont counties, owned by Draper, appellee and plaintiff, resulted in the following contract:

"Florence, Colo., April 4, 1899.

"This is to certify that I have, this 4th day of April, 1899, sold to E. L. Gumaer the following described tracts of land, to wit": (here follows the description)   *   *   *

"The consideration for said lands being eleven thousand one hundred eighteen 50-100 dollars, and to be paid as follows, to wit:

"Cash ........................$ 1,240.00
"On or before August 15, 1899..   2,158.50
"On or before Dec. 15, 1899.....   2,240.00
"On or before April 15, 1900....   2,240.00
"On or before August 15, 1900..   3,240.00

"$11,118.50

"Two warranty deeds covering said lands are enclosed and attached to a sealed envelope and are to be placed in the First National Bank of Pueblo, Colorado, and to be held by said bank as security for said eleven thousand one hundred eighteen 50-100 dollars, or any part thereof, together with interest at six per cent. from date and ten per cent. per annum after maturity until paid. On payment of the full amount of said consideration and interest thereon, then the said bank is to deliver to said E. L. Gumaer, or order, the attached envelope, together with the two enclosed deeds. In the event the said amounts are not paid on or before the fifteenth day of August, 1900, then the said envelope and deeds are to be returned to W. W. Draper and possession of the place given him. It is further understood and agreed that said E. L. Gumaer is to have

the full use and benefit of said 1,120 acres from this date, and the taxes are to be paid by said E. L. Gumaer commencing with the assessment for the year 1898, which she agrees to pay; also agrees to pay promptly the taxes for 1899 and 1900.

Signed:                        "WILLIAM W. DRAPER,
                               "E. L. GUMAER,
                               "By A. R. G., Agent."

The cash payment of $1,240 was made by Mrs. Gumaer at the time the contract was executed, and she was at once thereafter let into possession; but neither of the deferred payments was made at the time designated, or at all. Because of such failure, and a few days after the expiration of the time prescribed for making the last payment, Draper demanded of, and received from, the bank, with which the title papers were deposited, the attached envelope and deeds, and, within a few days, brought this action against Gumaer for the recovery of possession of the property.

To the complaint setting forth the foregoing facts, there was filed an answer containing, among other defenses, what is designated a cross-complaint, in which defendant alleges that she and plaintiff, several months after the execution of the contract set forth in the complaint, entered into a further agreement whereby plaintiff waived the requirement as to the time of the four deferred payments mentioned in the contract of April 4, and also waived the right to resume possession as originally agreed upon; and that defendant, relying upon such agreement and understanding with plaintiff, did not make the payments or any of them at the times originally designated, and, so relying, made large and valuable improvements upon the premises to the amount of about $3,500, which she would not have made were it not for such waiver, all of which was known to

plaintiff; and furthermore, in pursuance of such subsequent agreement, plaintiff never made demand upon defendant for any of such payments before bringing this action. As soon as defendant learned that plaintiff had withdrawn from the bank the title deeds, she offered to pay, and was able, willing and desirous of paying, to the plaintiff, the full amount of the deferred payments and interest, but plaintiff then, and at all times thereafter, refused to accept the same. Defendant therefore asked the court to compel plaintiff to execute and deliver to her deeds of conveyance for the property upon the payment by her of the balance of the purchase price, in accordance with the terms of the original contract, and general relief was prayed.

The trial court found the issues in favor of defendant, and declared that plaintiff had a vendor's lien upon the premises in controversy to the extent of the unpaid purchase price, but was not entitled to the possession of the premises. On the contrary, the decree provided, in accordance with the prayer of the cross-complaint, that defendant within a specified time should pay to plaintiff the balance of the purchase price, and the plantiff should then deliver the necessary deeds to defendant, and upon failure so to pay, that the lands should be sold to satisfy the vendor's lien, and the proceeds, or so much thereof as were necessary, should be applied to the payment of such indebtedness.

To the decree both parties excepted and prayed an appeal to this court. The defendant perfected her appeal and brought up the record. The appellee has assigned cross-errors.

1. The appellant says that the contract above set forth amounts to a present sale of the lands. In their brief her counsel maintain, upon the authority of *Morton v. Dickson,* 90 Ky. 572; *Holcomb v.*

*Dowell,* 15 Kan. 378, and *Mack v. Dailey,* 67 Vt. 90, that the vendor may not treat the vendee after default as a tenant and bring an action for possession, but his only remedy is specific performance. Appellant, therefore, asks for a reversal of the judgment because, as her counsel say, a plaintiff who sues for possession of land which he has sold and does not pray in his complaint for any equitable relief, and does not amend his complaint on the trial by adding such a prayer, cannot have, as was given in this case, a decree of sale of the land for the unpaid purchase price.

The appeal of the appellant is wholly without merit. It would seem that, under section 169 of the civil code, a plaintiff is entitled to any relief consistent with the case made by his complaint, and embraced within the issue, though, as here, the relief which the court grants does not come within that specifically prayed. But if this is not so, yet, as the defendant herself, by way of cross-complaint, asked for, and obtained, the very relief which she now says the court improperly granted, she cannot—even if it was erroneous—be now heard to object to the decree which allowed it. The appeal of the appellant, therefore, is dismissed.

2. The remaining question is whether the appellee's cross-errors are meritorious. He maintains that a fair construction of the contract, taken as a whole, makes it nothing more than an option for the sale of the premises, and that the legal title, at least, was not to vest in the vendee until after all the deferred payments were made, and that, by the express provisions of the contract, the vendor was entitled to re-enter and resume possession upon the failure by the vendee to make the payments as therein provided. He cites: *Hoffman v. Remnant,* 72 Cal. 1; *Hannan*

*v. McNickle,* 82 Cal. 122; *Connolly v. Hingley,* 82 Cal. 642.

While the trial court was of opinion that the contract showed a present sale, and that plaintiff had only his action for the balance of the agreed purchase price with a vendor's lien as security for its payment, nevertheless, if such construction was wrong, and the contract of sale and purchase was conditional, or an option merely, and the vendee's inchoate rights thereunder subject to forfeiture if strict compliance with its terms were not made, it was further of the opinion that upon all the facts as disclosed by the pleadings and the evidence, the defendant should be granted the equitable relief prayed. There were no specific findings of fact that the parties made the subsequent agreement by which the vendor waived the time of payment and the right to re-enter and take possession, still it is apparent from the opinion of the trial court brought up in the record, that it believed that the vendee was justified in her failure to make such payments at the times originally designated. Time was not expressly made the essence of the contract, and while the absence of such a statement from the written contract is not conclusive that time was not essential, and though the party who makes the claim that it was deemed essential by the parties thereto may, by oral proof, establish that issue, still it is apparent in this case that neither of the parties intended that time should be the essence of this contract. The provision for a certain rate of interest upon the deferred payments if made at maturity, and for a higher rate if made afterwards, and the additional fact that plaintiff allowed them to remain unpaid after they were due, without notice or demand upon the defendant for settlement, indicate that he did not regard time as essential. The defendant certainly was of that mind,

and was justified, from plaintiff's own conduct, in believing that they were in accord. For our present purposes, in view of the findings, it is immaterial, and we therefore do not decide, whether there was a present sale, or only an option for the sale, of the lands.

The authorities declare, as appellee concedes, that equity has a right to interfere and relieve against the enforcement of a contract such as that under consideration, whether it be construed as a present sale, or a mere option.—1 Pomeroy's Eq. Jurisprudence (2d ed.), § 455; 3 Pomeroy's Eq. Jurisp. (2d ed.), § 1408; *Central Pac. R. R. Co. v. Mudd,* 59 Cal. 585. A forfeiture is not favored in law or in equity; and we are not prepared to say upon this record that the trial court was not justified under the pleadings and facts in relieving against the forfeiture which the plaintiff was seeking to enforce. In other words, we cannot say that the cross-errors assigned by the appellee are tenable; hence they are resolved against him. Believing that substantial justice has been done, the judgment is affirmed.

*Affirmed.*