(March 5, 1908.)

## FARMERS' CO-OPERATIVE DITCH COMPANY, a Corporation, Plaintiff and Respondent, v. RIVERSIDE IRRIGATION DISTRICT, LTD., et al., Defendants and Respondents; NAMPA & MERIDIAN IRRIGATION DISTRICT, Defendant and Appellant.

### [94 Pac. 761.]

IRRIGATION—ACTION TO ESTABLISH PRIORITIES OF APPROPRIATION—DESCRIPTION OF LANDS TO BE IRRIGATED—PARTIES DEFENDANT—SURVEY AND MAPS BY STATE ENGINEER—APPORTIONMENT OF COST OF SURVEY AND MAPS.

1. Where a defendant in a water suit, brought for the purpose of determining priorities of appropriators, answers the complaint and also files a cross-complaint in which he sets up his claim to a certain quantity of the waters of the stream and pleads the facts entitling him to a decree establishing his rights, and he raises no objection to the insufficiency of description of the lands to be irrigated as contained in the complaint, and in no way calls the matter to the attention of the trial court, and a decree is entered describing the lands to be irrigated both by the plaintiff and the defendants and all the parties to the action, in the language of the complaint and the cross-complaints, any insufficiency, error or defect in the description must be first raised in the trial court and called to the attention of the court entering the decree before it can be con-

sidered on appeal, and in case of appeal any error assigned by the appellant in reference to such defective or insufficient description will be held to have been participated in and invited by the appellant, and he will not be allowed a reversal of the judgment on account thereof.

2. In a suit between the appropriators of the waters of a stream involving the rights and priorities of the several appropriators, the users and consumers of water under a canal that has appropriated water for the purpose of sale, rental or distribution are not necessary and indispensable parties to the action, and a decree in such case is valid and binding as between all the parties to the action.

3. A water company or corporation may appropriate and divert the waters of a stream for the purpose of sale, rental or distribution, for any beneficial use or purpose, and in such case the appropriation belongs to the ditch company with a perpetual right of use vested in the users and consumers to whom the water has once been delivered, and such perpetual right so vested in the user or consumer can only be defeated by failure to pay the annual water rents and comply with lawful requirements in relation to the use.

4. Where the court, under sec. 37, act of March 11, 1903, orders a survey by the state engineer of the ditches and canals diverting water from a stream, and of the irrigable lands thereunder, and of those to which water has been applied, and the making of maps thereof, the cost of such survey is properly chargeable to the several litigants in the case in proportion to the quantity of water allotted to each. In such case, it is proper for the court to make the apportionment and order judgment against each according to the amount properly apportioned to such litigant, and it is unnecessary for anyone to file a cost-bill covering such item of expense.

5. ID.—Sec. 4912, Rev. Stat., as amended, providing for the filing of a cost-bill, does not cover or include such item of expenditure, and it is not error for the court to enter judgment against the several defendants for such costs without requiring a cost-bill to be filed therefor.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for the County of Ada. Hon. George H. Stewart, Judge.

Action by the plaintiff to have the rights and priorities of the appropriators of water from the Boise river determined and decreed. Cause tried and decree entered for the several claimants. Defendant, the Nampa & Meridian Irrigation District, appealed from the judgment. *Affirmed.*

Hugh E. McElroy, and W. E. Borah, for Appellant.

The findings in this case wholly ignore the requirement of the law calling for the description of the land to which the water is made appurtenant by the decree, and further ignore the user of water as an interested party to this litigation.

The water user has not been accorded his day in court, although the action involves the existence of his property, and the duty of the canal owner in distributing water in pursuance of the decree in this case is purely perfunctory, such owner being merely the public carrier of the water for the use of the real owner, the water user. From beginning to end the act of 1903 is designed to recognize and establish title to the water right in the user of water. (*Wyatt v. Larimer & Weld Irr. Co.*, 18 Colo. 295, 36 Am. St. Rep. 280, 33 Pac. 144; *Gould v. Maricopa Canal Co.*, 8 Ariz. 429, 76 Pac. 598.)

As there is no finding of the acreage irrigated, it is impossible to determine how the court arrived at the amounts of water allotted. There is no finding as to what canals irrigate the "bench" or "bottom" lands, and except in a very limited number of cases, the land upon which the water is used is not described. It is therefore impossible to determine from these findings what lands have been awarded water under this classification as bench lands or bottom lands respectively, the number of acres reclaimed, or what lands have been awarded water at all, or the method by which the respective allotments have been determined.

The parties to this action were entitled to have an issue tendered them in relation to costs by the service of a cost-bill claiming the same, in the usual manner, and upon such claim being tendered, they were entitled to their day in court to contest the same, at which time, as stated by the court, the right of the state engineer might be contested. It further appears that this judgment for costs has not been entered in favor of any person, either party to this action or otherwise. Parties are entitled to recover costs, at whose instance such costs have been incurred. We know of no law under which a valid enforceable judgment can be entered in favor of no one.

Where it appears that canals are operated by carriers of water and that the users of water from such canals have been omitted from the case and are not parties thereto, the decree will not be permitted to stand.  The failure of this decree to describe the individual tracts of land and the water right decreed to each tends to defeat the system of regulation and control of the water rights of the state, established by the law of 1903. "Necessary or indispensable parties are those without whom the court will not proceed to any decree, even as to the parties before it." (15 Enc. P. & P. 611; *Shields v. Barrow,* 17 How. (U. S.) 130, 15 L. ed. 158; *Kendig v. Dean,* 97 U. S. 423, 24 L. ed. 1061.)

"Nonjoinder of necessary or indispensable parties is such a serious defect that though it ought to be regularly raised *in limine* by plea, answer or demurrer, yet a failure to so raise the objection is not a waiver of the right to object at a later stage of the cause." (15 Enc. P. & P. 687-689; *Morgan v. Blatchley,* 33 W. Va. 155, 10 S. E. 282.)

"According to the better reasoning and the weight of authority, the ownership of the appropriation is in the consumer, who by his application of the water to a beneficial use completes the appropriation." (Mills' Irr. Manual, sec. 117.) Sec. 38 et seq. of the Law of 1903 relates to a decree which specifies the water users and the specific tracts on which the water is used.

The question is up to this court to determine as between the Colorado system or the Wyoming system.  The decree in this case admittedly follows the former.  Comparison of the Idaho law of 1903 with the Wyoming law of 1895 will show that in all material respects they are the same.

Both laws deal with the user of water and make special provisions for adjudicating the water to specific land, thereby conclusively establishing the fact that such specific water is appurtenant to specified land, not by mere use, as has always been the law in Idaho, but by solemn adjudication of that fact by the court thereby making such decision *res adjudicata,* and not permitting the water to be separated from the land except by regular application to the state engineer.  How can

the state engineer of Idaho or the water commissioner of the district perform their duties if the decree does not describe the individual tract of land and the amount of water going thereto? (*Farmers' Irr. Dist. v. Frank,* 72 Neb. 136, 100 N. W. 286.)

J. C. Rice, Frank Martin, F. J. Smith, Silas Moody, Karl Paine, Walter Griffiths, Smith & Scatterday, S. H. Hays, Ira E. Barber, H. E. Wallace, W. A. Stone, and J. L. Niday, for Respondents.

The court, in describing the land in its decree upon which the water had been used, followed the description given in the appellants' cross-complaint. Can these appellants now be heard to say that, notwithstanding the fact they asked for this relief, and asked for it in the particular way and for the particular lands to which it was given, and notwithstanding the fact that the court gave them the very relief which they asked for in the case, that their complaints were not sufficient to sustain a decree, and it must, for that reason, be set aside? How are they injured or aggrieved parties if this is true. (*Cooper v. Cooper,* 88 Cal. 49, 25 Pac. 1062; *State v. Eves,* 6 Ida. 148, 53 Pac. 543; *Rankin v. Central Pac. R. R. Co.,* 73 Cal. 96, 15 Pac. 57; *People v. Pfeiffer,* 59 Cal. 89; *Hibernia etc. Soc. v. Ordeway,* 38 Cal. 679; *U. S. v. Memphis,* 97 U. S. 284, 24 L. ed. 937; *Riverside Land & Irrigation Co. v. Jensen,* 73 Cal. 550, 15 Pac. 131; *Samoset v. Mesnager,* 108 Cal. 354, 41 Pac. 337; *Gumaer v. Draper,* 33 Colo. 122, 79 Pac. 1040.)

It is not necessary to describe the land of each individual user of water under ditch of a company which rents water or furnishes it to its stockholders by legal subdivisions, and such is not the intention of sec. 38 of the act of March 11, 1903. Users under these company ditches have always had the right to sell their water or to transfer the use of the same to other land. (*Hard v. Boise City Irr. & Land Co.,* 9 Ida. 602, 76 Pac. 331, 65 L. R. A. 408; *Drake v. Earhart,* 2 Ida. 750, 23 Pac. 541, 542; *Wells v. Price,* 6 Ida. 490, 56 Pac. 266; *Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19; *McGinness v. Stan-*

*field,* 6 Ida. 372, 55 Pac. 1020; *Wilterding v. Green,* 4 Ida. 773, 45 Pac. 134.)

The portion of the statute prescribing that the "decree shall describe the land to which such water shall become appurtenant" is directory only. Compliance with this statute is a matter of convenience and not of substance. No penalty follows for noncompliance. (26 Am. & Eng. Ency. Law, 689; *Whitney v. Buckman,* 19 Cal. 300; *McCrea v. Haraszthy,* 51 Cal. 146; *Tuohy v. Chase,* 30 Cal. 524; *Borkheim v. Fireman's F. I. Co.,* 38 Cal. 505; *Broad v. Murray,* 44 Cal. 228; *Clark v. Sawyer,* 48 Cal. 133.) .

The only costs assessed against appellants were the costs of surveys, maps, etc., and for clerical work, all incurred under the order of the lower court, which order the lower court was authorized to make. (*Boise Irr. & Land Co. v. Stewart,* 10 Ida. 61, 77 Pac. 25, 321.)

None of the litigants in the case filed a memorandum of costs; none claimed costs incurred by them. There was no judgment entered in favor of any one litigant as against another. They were all before the court asking affirmative relief. The order of the court pro-rating those costs was an approval of the amount thereof, and no objections thereto were filed by any of the litigants.

The question, what lands were "bench" lands and what lands were "bottom" lands, was not raised by the pleadings and was not necessary to be determined in order to find the amount of water any user, or combination of users, were entitled to receive, but was simply a classification used by the court below in arriving at its own conclusions.

AILSHIE, C. J.—This action was instituted by the Farmers' Co-operative Ditch Company against numerous appropriators of water from the Boise river, for the purpose of adjudicating the priorities among the several appropriators. The complaint was filed on August 20, 1902. The defendants answered and also filed cross-complaints setting up their several rights, appropriations and priorities, and asking for affirmative relief decreeing their several appropriations and

the times from which they should date. After the commencement of this action, the trial court, proceeding under the authority of the act of the legislature of March 11, 1903 (Sess. Laws, pp. 223-252), made an order directing and requiring the state engineer to make an examination of the stream and of all the canals and ditches diverting water therefrom, and of the lands irrigated thereunder and susceptible of reclamation therefrom, and to prepare a map showing the same as specifically pointed out by sec. 37 of the act. The survey was made at a cost of about $11,000. After the completion of the survey and the plats were filed, the case was tried by the court without a jury. On January 18, 1906, findings of fact and conclusions of law and judgment were made and entered. This appeal is from the judgment, and is prosecuted by the Nampa & Meridian Irrigation District, which is the successor in interest and assignee of the Boise City Land & Water Company.

The first contention urged by the appellant is that the court erred in not finding as to all of the individual users of water under the various ditches and canals, and the amount of water used by each and necessarily required for the irrigation of his land, and the particular description of the land upon which he was using and entitled to use water. In support of this contention, counsel relies on sec. 38 of the act of March 11, 1903. That section, among other things, provides that the decree of the court shall be according to the rights and priorities of those using the waters, and shall be made to the use to which such water is beneficially applied, and that when once decreed, the right shall become appurtenant to the land and become a part of the land, and that the "decree shall describe the land to which such water shall become so appurtenant." To our minds there are several reasons why the appellant's contention is not well taken here. In the first place, the appellant never raised this question in the trial court, and has never presented the same to the trial court, but, on the contrary, invited the error, if indeed it be error. The court in every instance has described the lands either in the exact language of the complaint or cross-complaint, or by

direct reference thereto. Such is true with reference to appellant's lands, and its decree allows it the amount of its appropriation for all lands under its ditch as described in its cross-complaint. In appellant's cross-complaint it alleges that the lands under its ditch susceptible of irrigation therefrom aggregate 80,000 acres, but does not describe that land by legal subdivisions. If appellant wanted a more specific description of its land, it should have furnished the same to .the court by its pleadings. On the other hand, if it wanted a more specific description made of the lands of other appropriators than is contained in the complaint and cross-complaints, it should have raised the question in a proper manner, and reserved an exception in the event the court ruled against it. It failed to do any of these things, and is therefore in the position of one who invites error, and will not be allowed a reversal of the judgment on that account. (3 Cyc. 242; *Borden v. Croak,* 131 Ill. 68, 19 Am. St. Rep. 23, 22 N. E. 793; *Gumaer v. Draper,* 33 Colo. 122, 79 Pac. 1040.)

The question is also presented here as to whether sec. 38 of the act of March 11, 1903, is applicable to water users who have no right by appropriation, but whose right is founded upon one of use and is purely a rental right as distinguished from a right by appropriation and diversion. This action was originally instituted to determine the respective rights and priorities among the various appropriators and diverters of the waters of the Boise river, and the plaintiff only made such parties defendants as had constructed ditches and diverted water from the stream. As to some of those ditches the appropriators were also the users of the water; they owned the water right and used the water on their own lands. Others were co-operative ditch companies where a number of water users had joined together and constructed a ditch, each one owning a number of shares in the company which entitled him to a proportionate amount of the water of the canal; while by still other ditches the waters were appropriated and diverted, not for the immediate use of the ditch owners, but for the purpose of sale, rental and distribution. Whatever the differences may be in the facts with reference

to the use and application of the water, the ditch owners in every instance are necessarily the appropriators of the water within the meaning of the constitution and statute. In *Wilterding v. Green,* 4 Ida. 780, 45 Pac. 134, this court said: "A company or individual may appropriate and take out the water of a stream for sale, rental or distribution or for any beneficial purpose. When so taken out it becomes a public use and the sale or rental of it for pay is a franchise." It is true, as intimated by this court in *Hard v. Boise City Irr. Co.,* 9 Ida. 602, 76 Pac. 331, 65 L. R. A. 407, that the appropriation and diversion of water by a ditch company that is not prepared to use the water itself is practically valueless without water consumers. In other words, it takes the water user, applying the water to a beneficial purpose, to enable a ditch company that has appropriated waters for sale, rental or distribution, to continue the diversion of the water. If it should cease to have water consumers or users, and cease to apply the water to a beneficial use, its right to divert the water would cease. That principle has been recognized by sec. 38 of the act above mentioned, wherein it requires that where a company has works capable of diverting more water than it is then applying to a beneficial use, the decree shall not allow it to exceed four years thereafter in which to apply the water to a beneficial use. It is most strenuously urged by the appellant here that the court erred in not ordering all these water consumers under the several ditches brought in as parties to this action for the purpose of determining and adjudicating their various rental rights. Counsel insist that they were indispensable parties. That contention is wholly unfounded. They would have been proper parties, and the court might, perhaps, have ordered any one or all of them in, and on application of any of the parties litigant the court would doubtless have made an order directing that they be brought in, but a failure to bring them into court in no way avoids or vitiates the decree as between the parties who were in court or participated in this action. The appropriation of waters carried in the ditch operated for sale, rental and distribution of waters does not belong to the water users, but

rather to the ditch company.  The right to the *use* of such wa-
ter after having "once been sold, rented or distributed to any
person who has settled upon or improved land for agricul-
tural purposes," becomes a perpetual right subject to defeat
only by failure to pay annual water rents and comply with the
lawful requirements as to the conditions of the use.  (Sec.
3, art. 15 of the Constitution; *Bardsley v. Boise Irr. & Land
Co.,* 8 Ida. 155, 67 Pac. 428; *Wilterding v. Green,* 4 Ida. 773,
45 Pac. 134.)  A decree in favor of a water user from such
ditch could not relieve him from any constitutional or stat-
utory requirements, nor could it put him in any better posi-
tion or condition than he already finds himself.  His pres-
ence in the action is in no respect essential to the adjudica-
tion of the rights of the several appropriators from the stream
itself.  Any controversy he may have is with the ditch com-
pany from which he receives water or with other consumers
under the ditch over the question of priority of use.  The ap-
pellant in this action answered the plaintiff's complaint but
made no suggestion of want of necessary parties.  It also filed
a cross-complaint and made no offer or attempt to bring in
any other parties, nor did it make any request to the court
to order any other parties brought into the action.  In view
of these facts, it cannot now be heard for the first time on such
objections in urging a reversal of the judgment.

In paragraph 3 of the findings of fact, the court made a
general finding as to the quantity of water required for the
successful irrigation of the lands irrigated from the Boise
river.  It found that "for bench lands 1 inch per acre" is
necessary, and that "for bottom lands 1-1/10 inch per acre"
is necessary.  The appellant assigns this finding as error on
the ground that the court has not described the lands he terms
bench lands and those he terms bottom lands.  The appellant
is in no position on this appeal to question the finding for the
following reason: This finding No. 3 is merely a finding of
the basis on which the court has concluded to apportion the
water; the quantity of water per acre he intended to allow
the several appropriators.  When the court came to making
the specific findings as to the number of inches of water each

appropriator was entitled to, he found the date from which such appropriator was entitled to take his water and the number of inches to which he was entitled for the lands described in his complaint or cross-complaint. The latter finding was presumably made upon the basis of one inch for bench lands and one and one-tenth inch for bottom lands. We assume the court followed that standard. . If, in fact, he has not, the failure to do so must appear from the evidence, and would necessarily have to be reviewed on the motion for a new trial or appeal from an order denying the same. On this appeal, we must presume that the court made its decree to the various appropriators on this basis. No evidence has been brought here. If, on the contrary, the basis or standard laid down by the court as the one it intended to follow is not supported by the evidence, that, too, must be determined from the evidence and cannot be passed upon on this appeal from the judgment.

Again, complaint is made by the appellant of the action of the court in apportioning among the various parties to the action the expense of making the survey and maps and plats by the state engineer, which amounted to $10,804.60, and the "expense incurred in preparing findings and decrees herein and in filing and recording the same in the counties of Ada and Canyon," which amounted to the sum of $468.66. This total sum of $11,273.26 the court "apportioned to the several parties in the proportion as water is herein allotted to them." Appellant complains of this principally upon the grounds that no cost-bill was filed, contending that under the provisions of sec. 4912, Rev. Stat., as amended, it was entitled to have a cost-bill served on it and the opportunity of opposing or resisting the taxation of the whole or any part thereof. In *Boise Irrigation & Land Co. v. Stewart,* 10 Ida. 38, 77 Pac. 25, 321, this court sustained the right and power of the district judge to order the surveys, and also held that the cost thereof would be properly apportioned to the several parties to the action, and that each would have the right to contest the whole or any part thereof. A party dissatisfied with any part of the expense of this survey that was

assessed to him had a right to appear in court and move against such assessment and that part of the judgment, and would have been entitled to a hearing thereon. It was not necessary to have a cost-bill filed in order to enable the dissatisfied party to avail himself of the right of contesting the costs taxed against him for this purpose. These costs are clearly not within the purview or contemplation of the statute which requires the filing of a cost-bill. Presumably, no one had paid such costs. The engineer was not employed by any one of the parties litigant, and consequently no one had become personally liable for the costs. The court had directed the survey, but evidently did not pay the bill and was not a party to the litigation. The expense of the survey was a proper charge against all the litigants, and it was entirely proper and clearly within the jurisdiction and authority of the trial court to apportion these costs as he did, and enter judgment against the several parties to the action as was done in this case.

There was no error in the action of the court in this respect. The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondents.

Sullivan, J., concurs.

Stewart, J., took no part in the decision.