(December 9, 1916.)

## IDAHO TRUST & SAVINGS BANK, LIMITED, et al., Respondents, v. W. H. RIDENBAUGH et al., Appellants.

[161 Pac. 868.]

JUDGMENTS, ACTIONS UPON — COSTS, VESTED RIGHT TO — EQUITABLE ASSIGNMENT OF JUDGMENT—PARTIES BENEFICIALLY INTERESTED—NECESSARY AND PROPER PARTIES—NEW TRIAL—RES ADJUDICATA.

1. Where the right to costs has become vested in the parties entitled thereto by reason of the performance and completion of services rendered under a valid order of the trial court pursuant to the provisions of sec. 37, Sess. Laws 1903, and such right had accrued prior to the enactment by the legislature of the act of March 9, 1905, amendatory of the act of 1903, and where it further appears that the trial court prorated said costs under the provisions of sec. 37, Sess. Laws 1903, and judgment for costs was thereupon entered and upon appeal to this court from such judgment the same was affirmed, the judgment will not be disturbed by this court upon an action subsequently brought because of the amendment of the law.

2. It being conclusively established upon the trial that the plaintiffs below (respondents here) were the sole owners of all the outstanding unpaid certificates of indebtedness issued by the state engineer in pursuance of a valid order of the trial court, made under the provisions of sec. 37, Sess. Laws 1903, said certificates of indebtedness so issued representing the judgment entered for costs, the holders of such certificates are the legal owners of said judgment and are entitled to sue thereon in their own name.

3. *Held,* where parties who are beneficially interested in a judgment for costs are paid in full during the pendency of an action, upon a judgment they are no longer proper or necessary parties to such action, and the right to maintain said action would be limited to such parties as were the beneficial owners of said judgment.

4. Where the priorities of the several litigants to the right to the use of the waters of a stream, and the costs apportioned to such litigants, were definitely determined by the trial court, and the judgment of the trial court was affirmed by this court upon appeal, the issues thus determined are final and binding upon this court, and the judgment of the trial court will not thereafter be disturbed.

[As to proof that matter is *res judicata,* see note in 44 **Am. St.** 562.]

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Charles P. McCarthy, Judge.

Action upon a judgment for costs. Judgment for plaintiffs. *Affirmed.*

Wood, Driscoll & Wood, for Appellant.

The so-called judgment upon which this action is based is void, and as such may be collaterally attacked. (Freeman on Judgments, 3d ed., sec. 117; *Leland v. Isenbeck,* 1 Ida. 469; *Ray v. Ray,* 1 Ida. 566, 581.)

"If a person is not made a party to an action, his rights cannot be determined or affected by a judgment or decree entered in such case." (*Idaho Irr. Co. v. Dill,* 25 Ida. 711, 720, 139 Pac. 714; 23 Cyc. 412; *Bachman v. Sepulveda,* 39 Cal. 688; *Sisk v. Almon,* 34 Ark. 391; *Rice v. Goldberg,* 26 Ill. App. 603; *Johnson v. Block* (Tex. Civ.), 46 S. W. 85; *Dunlap v. Southerlin,* 63 Tex. 38.)

Prior to the time when this so-called judgment was rendered, sec. 37 of the 1903 act, which was the court's sole authority for taxing these costs, had been superseded by the 1905 amendment to sec. 37, which became effective May 3, 1905 (1905 Sess. Laws, p. 362, sec. 4), and the amendment authorizes no judgment whatever against parties to the action.

The court would be absolutely bound by the new amendment at the time this judgment was made, as is shown in *Boise Irr. & Land Co. v. Stewart,* 10 Ida. 38, 58, 77 Pac. 25, 321.

Assuming that the judgment was a valid judgment, this plaintiff can maintain no action thereon, for no valid assignment of the judgment is pleaded or proven. (Freeman on Judgments, 3d ed., sec. 424; *McMurray v. Marsh,* 12 Colo. App. 95, 54 Pac. 852.)

"It seems to be the uniformly received doctrine that partial assignments of judgments cannot be made without the consent of the judgment debtor." (*Lewis v. Third St. etc. R. R. Co.,* 26 Wash. 28, 66 Pac. 150; *Snedden v. Harmes,* 5 Colo. App. 477, 39 Pac. 68; *Burnett v. Crandall,* 63 Mo. 410.)

There is a defect of parties, in that all persons holding certificates or otherwise having a joint interest in the so-called judgment are not joined, or, if joined, were not served with process. (*Kissler v. Moss,* 26 Ida. 516, 144 Pac. 647; *Burkett v. Lehmen-Higginson Grocery Co.,* 8 Okl. 84, 56 Pac. 856; *Jansen v. Hyde,* 8 Colo. App. 38, 44 Pac. 760; 23 Cyc. 1507; *Gilbert v. Allen,* 57 Ind. 524; *Culver v. Smith,* 82 Mo. App. 390.)

It is held that in an action by an equitable assignee of a judgment, an assignor must be made a party defendant. (*Chicago & S. E. Ry. Co. v. Higgins,* 150 Ind. 329, 50 N. E. 32; *McCardle v. Aultman Co.* (Ind. App.), 66 N. E. 507; affirmed, 31 Ind. App. 63, 67 N. E. 236.)

The so-called judgment was set aside by the order of this court sustaining the motion for a new trial, and until new trial is had no judgment exists upon which to base a suit. (1 Hayne, New Trial & Appeal, sec. 167, p. 871; *Kent v. Williams,* 146 Cal. 3, 79 Pac. 527.)

Cavanah & Blake and N. Eugene Brasie, for Respondents.

It is within the power of this court to affirm a judgment in part and grant a new trial for the determination of certain things which the court deems undetermined therein, or erro-

neously determined. (*Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.*, 16 Ida. 525, 102 Pac. 481.)

The law governing the case at bar is laid down in the cases of *Boise Irr. & Land Co. v. Stewart*, 10 Ida. 38, 77 Pac. 25, 321, and *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.*, 14 Ida. 450, 94 Pac. 761.

BUDGE, J.—On January 18, 1906, a judgment was rendered by the district court of the third judicial district (now the seventh judicial district), in and for Canyon county, in the case of *Farmers' Co-operative Ditch Company, Plaintiff, v. Riverside Irrigation District, Limited, W. H. Ridenbaugh et al., Defendants,* by which judgment there was assessed against defendants W. H. Ridenbaugh and A. Rossi the sum of $962.50, as the *pro rata* share to be borne by them of the total expense incurred by the state engineer of Idaho in making surveys under authority of the act of the legislature of March 11, 1903 (1903 Sess. Laws, pp. 223–252), in connection with said action, for use in determining the priorities of the users of water on the Boise river and for the purpose of fixing the duty of water.

The state engineer, in the course of making these surveys, and prior to the rendition of the judgment above mentioned, from time to time issued some 73 so-called certificates of indebtedness to persons furnishing services or supplies in connection with the surveys, and at the time of the commencement of the trial of this cause in the lower court plaintiff, Idaho Trust and Savings Bank, was the owner and in rightful possession of some 59 such certificates, which had been assigned to it by the original holders thereof; plaintiff Carl Maughmer was the owner and in rightful possession of 3 certificates, which had been issued to him; and the remaining 11 certificates were held by other parties.

The judgment of January 18, 1906, was appealed from by the Nampa & Meridian Irrigation District, and affirmed, in the case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.*, 14 Ida. 450, 94 Pac. 761. Thereafter certain other defendants moved for a new trial, and their motion was

denied, and they appealed, and were granted a rehearing by this court for the "sole and only purpose of determining the duty of water on the two classes of land involved, . . . . namely, bench and bottom lands." (*Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.*, 16 Ida. 525, 102 Pac. 481.)

On January 17, 1912, the Idaho Trust & Savings Bank, being the owner of 59 certificates assigned to it as aforesaid, brought suit against the defendant, who is the appellant here, to recover the amount of the judgment for costs entered against him for $962.50, with interest thereon. During the course of the trial of the action, nine of the eleven unpaid certificates held by other parties than the respondent were paid by the state engineer to the respective holders thereof. The amount of the two remaining certificates, held by other parties, together with interest thereon, was paid by the state engineer into court for the holders thereof, and 23 of the 59 certificates held by the Idaho Trust & Savings Bank were paid by the state engineer to said bank, so that at the termination of the action in the trial court 35 certificates were held by the Idaho Trust & Savings Bank and 3 certificates were held by Carl Maughmer, who was subsequently joined as plaintiff, and were the only remaining unpaid certificates representing indebtedness incurred by the state engineer covered by the judgment of January 18, 1906. The total amount of these certificates was $2,207.00, and interest thereon, while the judgment against the defendant was for $962.50 and interest.

The trial court found, in its findings of fact, among other things, that the parties to this action are the only parties in interest; that they were properly joined; that the pending hearing for the determination of the duty of water upon bench and bottom lands does not affect this action in any manner; that the parties plaintiffs are the legal and equitable owners of the judgment of January 18, 1906, and entitled to sue thereon; that the cause is not barred by the statute of limitations, and that the defendant Ridenbaugh is liable for the amount of the judgment of January 18, 1906, with interest thereon at seven per cent per annum from the date

thereof. Accordingly, on January 18, 1915, judgment was entered in favor of plaintiff and against defendant for $962.50, with interest at the rate of seven per cent per annum from January 18, 1906, amounting in all to the sum of $1,568.88, together with interest on said sum from January 18, 1915, until paid, and plaintiff's costs and disbursements amounting to $16.50.

This is an appeal from the judgment and order overruling a motion for a new trial.

For a reversal of this judgment, appellant assigns and relies upon thirty assignments of error. These assignments will be considered and discussed so far as is deemed necessary in connection with the four following contentions, which they are designed to support:

1. That the judgment sued upon is absolutely and *ab initio* void, as it runs in favor of no one, at best to no one who is a party to the action in which it was rendered.

2. That, granting the judgment is valid, the plaintiffs were neither parties to the judgment nor showed in themselves any interest therein by assignment or otherwise.

3. That there is a defect of parties, in that all persons holding state engineer's certificates or otherwise having an interest in the judgment sued upon are not joined as parties in this action, or, if joined, have never been served with process.

4. That no action can be maintained upon the judgment sued upon, for the reason that it has been set aside by an order of this court sustaining the motion for a new trial in the action wherein it was entered.

The judgment of January 18, 1906, above mentioned, was for money due for services rendered by and under the directions of the state engineer, in accordance with the provisions of the act of the legislature of March 11, 1903 (1903 Sess. Laws, pages 249, 250, sec. 37).

The second paragraph of sec. 37, *supra,* provides:

"Whenever the State Engineer shall make such examination at the request of the court or a judge thereof, the actual cost of making such examination by the State Engineer or his assistant, and of preparing such maps and statement as

shown by sworn statement of such costs prepared by such State Engineer, shall be paid by the persons interested in such suit for the determination of such priorities, the amount of such costs to be prorated by such court to the persons whose rights have been adjudicated by such suit. . . . . ''

An examination of the record discloses the fact that the state engineer, acting under the order of the court made in pursuance to the above section of the Session Laws of 1903, had actually made an examination of the Boise river and the works diverting water therefrom. Said examination included the measurement of the discharge of said stream and the carrying capacity of the various ditches and canals diverting water therefrom; an examination of the irrigated lands and an approximate measurement of the lands irrigated, or susceptible of irrigation, from the various ditches and canals and prepared maps and plats, showing such stream, canals and ditches and the lands thereunder, their capacity and the amount of the land irrigated from each of such canals, ditches and other works, as required by the order of the trial court, and had furnished the necessary information for the purpose of assisting the trial court in reaching a determination of the priorities of the various parties litigants to the right to the use of the waters of the Boise river, which costs and expenses were all incurred and the right to the costs and expenses had become vested prior to the enactment by the legislature of the act of March 9, 1905. It further appears that the last certificate of indebtedness issued by the state engineer in payment for labor performed was issued by him on February 15, 1904, more than a year prior to the enactment of the Session Laws of 1905, amendatory of section 37 of the Session Laws of 1903. We think it may, therefore, be assumed that the trial court in prorating the costs incurred to the various litigants and in rendering its judgment therefor was governed by the act of 1903, under the provisions of which act the costs had been incurred and the right to the costs vested, and not under the provisions of the act of 1905.

The power of the court to make the order directing the state engineer to perform the services heretofore mentioned,

and to incur the indebtedness under the provisions of section 37, Session Laws 1903, pages 249, 250, was upheld by this court in the case of *Boise Irr. & Land Co. v. Stewart,* 10 Ida. 38, 77 Pac. 25, 321, and the validity of the judgment for costs sued upon in this action was upheld in the case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.,* 14 Ida. 450, at page 460, 94 Pac. 761, and again affirmed in the case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481. In the former case, in addition to other contentions made by counsel for appellant in their brief, it was strenuously insisted that the judgment for costs had not been entered in favor of any person, and therefore the judgment was void *ab initio.* The same contention is made in this case. The question having once been decided is no longer open to discussion. As we read the opinion, which we think governs, and not the order of this court, the method used by the trial court in taxing costs was not the only question before this court, but this court also affirmed the action of the trial court wherein it assessed in dollars and cents the amount of costs to be charged against each and every party to the litigation. Any party dissatisfied with any part of the costs and expenses assessed against him by the trial court had a right to appear and move against such assessment, and upon a proper showing procure a retaxing of such costs. This was not done by the appellant, and since this court has said in the case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist., supra,* that, "The expenses of the survey was a proper charge against all the litigants, and it was entirely proper and clearly within the jurisdiction and authority of the trial court to apportion these costs as he did, and enter judgment against the several parties to the action as was done . . . ."; and again in the case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist., supra,* where the same costs that make up this judgment were involved, this court said: "We conclude that the court properly taxed the costs of making this survey and the maps and plats to the several litigants in the case." These decisions of this

court conclusively settle the validity of the judgment sued upon in this action.

The second contention made by counsel, namely, that the plaintiffs were not the owners of the judgment or any interest therein by assignment or otherwise, is without merit under the facts of this case, it being conclusively established that the plaintiffs are the owners of all of the now outstanding certificates of indebtedness issued by the state engineer upon which this judgment for costs is founded, and that all other holders of certificates issued by the state engineer have been paid or the money deposited in court for their use and benefit, all of which being true, the respondents are the real and beneficial owners of the judgment upon which this action is brought and were proper parties plaintiffs in whose names the action must be prosecuted. (*Tally v. Reynolds,* 1 Ark. 99, 31 Am. Dec. 737.) It is a firmly established rule that such owners are entitled to sue in their own names (*Sammis v. Wightman,* 31 Fla. 45, 12 So. 536); that the assignee of a right of action must prosecute the suit in his own name, and that such assignee alone has the right to control the judgment and sue upon it. (*Bond v. Carter* (Tex. Civ.), 73 S. W. 45.)

In this case the statutes provided that the costs incurred by the state engineer should be assessed as costs against the various parties to the litigation. The costs were incurred under a valid order of the court (*Boise Irr. & Land Co. v. Stewart, supra*), and after the completion of the work the right to the costs became vested in the state engineer subject to distribution to the parties who had performed work and labor under his directions. He became the nominal owner of the judgment with authority to make valid assignments of the same or any part thereof, prior to the actual entry of the judgment, and, as appears from the record, all parties beneficially interested in the judgment have been paid in full, except respondents, who are the only persons now beneficially interested in the judgment.

Referring now to the third assignment of error, namely, that there is a defect of parties in that all persons holding

state engineer's certificates were not joined as parties to the action, or, if joined, were not served with process at the time of the filing of the amended complaint; it appears that all of the parties who were joined, either as parties plaintiffs or defendants, subsequent to the filing of the original complaint as heretofore stated, were paid in full the amount of their certificates, together with interest, either personally or the amounts due them upon their certificates were deposited in court for their use and benefit.

We come now to the last assignment of error, namely, that no action can be maintained upon the judgment for the reason that the same was set aside by an order of this court sustaining a motion for a new trial, in the case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist., supra.* It is insisted by counsel for appellant that when this court in the latter case affirmed the priorities to the right to the use of the waters of the Boise river in favor of the several claimants as found and determined by the trial court, and granted a new trial for the purpose of determining the question of the duty of water on bench and bottom lands, it set aside and vacated that portion of the judgment of the trial court assessing costs against the various litigants, and that since the duty of water for bench and bottom lands has not yet been fixed or determined, and that a determination of the duty of water for bench and bottom lands might lessen or increase the quantity of water as prorated to the several claimants on the Boise river, it would necessarily follow that it would change the amount of costs to be apportioned to each of the parties litigant. As stated above, the question of the apportionment of costs is no longer open to discussion, the same having been definitely determined by the trial court and approved in unequivocal terms by this court in its decisions in 14 Ida. 450, 94 Pac. 761, and 16 Ida. 525, 102 Pac. 481, *supra.* While a reduction of the duty of water would not, it is believed, change to any appreciable extent the relative amounts of water to be received by the various litigants in this action in which the judgment sued upon was rendered, it is to the interest of justice and the prevention of a multiplicity of

actions that the apportionment of the costs, having been determined by the trial court and twice passed upon and approved by this court, should not be disturbed.

It may also be pointed out that while this court in 16 Ida. 525, at page 538, 102 Pac. 481, granted a new trial for the sole and only purpose of determining the duty of water on the two classes of lands involved in the action, namely, bench and bottom lands, it affirmed the respective rights and priorities of the several claimants and appropriators whose rights had been litigated, and concluded that the lower court had properly taxed the costs of making the survey and the maps and plats to the several litigants in the case. While this court did in terms grant a new trial for a specific purpose, yet as a practical matter it remanded the case to the lower court for modification, if the evidence to be thereafter submitted touching the question of the duty of water for the proper irrigation of the bench and bottom lands should warrant such modification.

With reference to the item of costs, $468.88, which it is claimed was a part of the costs included in the judgment but not represented by the state engineer's certificates, and was for expenses incurred in preparing findings of fact, conclusions of law, and the decree, and in filing and recording the same in the counties of Ada and Canyon, this amount should be withheld out of the first moneys paid to the clerk of the court in satisfaction of the judgment, and applied in payment of said costs. This item of costs was disposed of by this court in the case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist., supra,* and is binding and conclusive upon this court. No objection having been urged against the amount of costs incurred for the purposes above mentioned, or the manner of the payment of the same, when this case was before this court in the case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist., supra,* it cannot be urged at this time.

From what has been said it follows that the judgment of the trial court and the order overruling a motion for a new

trial should be affirmed, and it is so ordered. Costs are awarded in favor of respondents.

Sullivan, C. J., and Morgan, J., concur.