(December 9, 1916.)

IDAHO TRUST & SAVINGS BANK, LIMITED, et al., Respondents, v. NAMPA AND MERIDIAN IRRIGATION DISTRICT et al., Appellants.

[161 Pac. 872.]

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. - Charles P. McCarthy, Judge.

Action upon a judgment for costs. Judgment for plaintiffs. *Affirmed.*

H. E. McElroy, for Appellant.

The judgment sued on was vacated by the decision of this court in case of *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481, and if respondents have any valid claim for moneys advanced by them, they should have the same allowed in their favor when final judgment is entered in said action.

The law expressly provides that costs of this character must be based upon the final judgment allotting the water rights. The lower court was governed by sec. 4620, Rev. Codes.

This law was enacted in 1905 and was the same as sec. 37, p. 357, of the Laws of 1903, which was construed by this court in case of *Boise Irr. & Land Co. v. Stewart,* 10 Ida. 38, 77 Pac. 25, 321, and in *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481.

A water right cannot exist with merely a date or priority of right and no amount. Until the amount is determined, it seems absurd to claim that judgment could be entered and affirmed establishing the right.

"The right to costs does not become vested until final judgment has been pronounced, nor do they, until then, become a debt against the party on whom they are imposed." (5 Ency. Pl. & Pr. 121.)

Cavanah & Blake and N. Eugene Brasie, for Respondents.

The state engineer's authority to issue said certificates was upheld by this court in the case of *Boise Irr. & Land Co. v. Stewart,* 10 Ida. 38, 77 Pac. 25, 321, and the judgment entered in the original case by the lower court was granted for the express purpose of paying these same certificates and the holders of these certificates are the owners of the judgment. (*Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.,* 14 Ida. 450, 94 Pac. 761; *Farmers' Co-operative Ditch Co. v. Riverside Irr. Dist.,* 16 Ida. 525, 102 Pac. 481.)

"By the addition of a party plaintiff or substitution of a party plaintiff in a case wherein the cause of action or claim was not substantially changed, the cause of action is not, therefore, barred by reason of the fact that the new party or parties were not brought in until the statute of limitations would otherwise have run, and bringing in the new parties would relate back to the date of the commencement of the original action." (*Green v. Clifford,* 94 Cal. 49, 29 Pac. 331; *Kain v. Arizona Copper Co.,* 14 Ariz. 566, 133 Pac. 412; *Vunk v. Raritan River R. R. Co.,* 56 N. J. L. 395, 28 Atl. 593; *Bradford v. Andrews,* 20 Ohio St. 208, 5 Am. Rep. 645; *Suber v. Chandler,* 36 S. C. 344, 15 S. E. 426.)

BUDGE, J.—This is an appeal from a personal judgment entered in favor of the respondent for the sum of $1,318.97, and is a companion case of *Idaho Trust & Savings Bank, Ltd., v. W. H. Ridenbaugh et al., ante,* p. 647, 161 Pac. 868, and was, by order of the trial court and by agreement of counsel, consolidated with and tried at the same time and

upon the same evidence as that case.   We have carefully examined the additional assignments of error relied upon by appellants and do not deem it necessary to discuss them at length.   We may say in passing, with reference to the bar of the statute of limitations, urged by appellant against the right of respondents to sue upon the judgment, that the contention made by counsel for appellant, namely, since it does not appear that the original complaint was filed within six years from the entry of said pretended judgment that as a question of law said statute of limitations ran until the filing of the second amended complaint, is untenable.   The judgment upon which this suit was brought was entered on January 18, 1906, and the original complaint was filed on January 17, 1912, which is within six years from the entry of said judgment, and the statute of limitations would cease to run upon the filing of the original complaint.   In answer to appellants' next contention, which is extremely technical, that even though it be conceded that the right to recover by the Idaho Trust & Savings Bank is not barred by the provisions of sec. 4051, Rev. Codes, the cause of action set out in the amended complaint is barred by said section of the statute as to additional parties plaintiffs.   The rule, however, which appears to be supported by the weight of authority, is set forth in the case of *Hucklebridge et al. v. Atchison, Topeka & Santa Fe Ry. Co.,* 66 Kan. 443, 71 Pac. 814, wherein the court held that the substitution of a party plaintiff in a case wherein the cause of action or claim was not substantially changed, the cause of action was not barred by reason of the fact that the new party or parties were not brought in until the statute of limitations otherwise would have run, and that bringing in new parties would relate back to the date of the commencement of the original action.

This rule is supported by the following authorities: *Green v. Clifford,* 94 Cal. 49, 29 Pac. 331; *Kain v. Arizona Copper Co., Ltd.,* 14 Ariz. 566, 133 Pac. 412; *Vunk v. Raritan River R. R. Co.,* 56 N. J. L. 395, 28 Atl. 593; *Bradford v. Andrews,* 20 Ohio St. 203, 5 Am. Rep. 645; *Suber v. Chandler,* 36 S. C. 344, 15 S. E. 426.

In the case of *Hougland v. Avery Coal & Min. Co.*, 246 Ill. 609, 93 N. E. 40, the supreme court of Illinois held that the addition of a necessary party plaintiff would not be the commencement of a new suit or statement of a new cause of action. (*El Paso & S. W. R. Co. v. Harris & Liebman* (Tex. Civ.), 110 S. W. 145; *McArdle v. Pittsburg Rys. Co.*, 41 Pa. Super. Ct. 162.)

There is no merit in appellants' contention that the judgment for costs sued upon does not constitute a liquidated claim in favor of respondents, and therefore they would not be entitled to interest. The judgment for costs upon which respondents' action is based has been twice passed upon by this court and held to be valid in both cases, and it necessarily follows that it would bear interest as provided by law from the date of its entry.

For the reasons herein stated, and upon the authority of the case of *Idaho Trust & Savings Bank, Ltd., v. W. H. Ridenbaugh, supra*, the judgment of the trial court is sustained. Costs are awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.