(September 30, 1911.)

# J. W. BROSE and ROSINA C. BROSE, His Wife, Appellants, v. THE BOARD OF DIRECTORS OF THE NAMPA & MERIDIAN IRRIGATION DISTRICT et al., Respondents.

## [118 Pac. 504.]

PRIOR APPROPRIATIONS—LEGISLATIVE POWER TO PROVIDE FOR REGULATION AND DISTRIBUTION OF WATER—CLASSIFICATION OF LANDS—DUTY OF CANAL COMPANY.

### (Syllabus by the court.)

1. Under the provisions of sec. 3, art. 15 of the constitution of this state priority of appropriation gives the better right as between those using water.

2. Sec. 1, art. 15 of the constitution of this state authorizes and empowers the legislature to provide regulations governing the classification of lands according to priorities made by the irrigation company, and to distribute water to consumers under such classification.

3. Any classification made by an irrigation company under the provisions of sec. 3287 of the Rev. Codes can in no way affect or control the question of priorities between users, and in no way prohibits or limits any user of water in having the question of priority between users settled and adjudicated in the proper court of the state.

4. The statute is merely administrative, and is a declaration of a policy in the administration of the distribution of water by irrigation companies which the legislature deems proper and just, and which is to be followed by a canal company in the absence of a judgment of a court of competent jurisdiction directing such matters.

5. Under the statute it is intended that the irrigation company shall make such classification upon such information as it may be able to obtain, and in fairness, and in accordance with the terms of the statute.

6. If a mistake is made by an irrigation company in making the classification as required by the statute, and a consumer is placed in the wrong classification, he can have such classification corrected in the courts, and he is not compelled to accept the classification made by the ditch company.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Application for *mandamus.* Application denied. Plaintiffs appeal. *Reversed.*

C. C. Cavanah, Chas. P. McCarthy, and Perky & Crow, for Appellants.

Idaho has no administrative board performing duty in the way of regulating the distribution of water to consumers, but the legislature by the section in question has sought to make every canal or irrigation district a board in itself, performing the very simple duty of recognizing a *prima facie* right.

The administrative boards provided for in the different states perform duties which are held to be not unconstitutional and which do not exclude the settlement of the real property rights by the court. (Wiel Water Rights in the Western States, secs. 392, 394, 396, 397, 402.)

The controlling consideration is this: The irrigation company is not given the right to ultimately decide the question of the priority; that still remains for the court. The adjustment of land into classes is not a permanent adjustment unless the water users decide to allow it to remain so. Such adjustment does not deprive those who consider themselves aggrieved of the right to take the matter into the courts; but until the matter is taken into court, the state, under its police power, is not deprived of exercising the most just method of distribution which can be obtained without an adjudication between the parties under the canal. (*Farmers' Ind. Ditch Co. v. Agricultural Ditch Co.*, 22 Colo. 513, 55 Am. St. 149, 45 Pac. 444.)

The case of the *Farmers' Ind. Ditch Co. v. Agricultural Ditch Co., supra,* has been followed repeatedly and the constitutionality of the Colorado statute has been announced as late as the year 1908. (*McLean v. Farmers' High Line Canal & Reservoir Co.*, 44 Colo. 184, 98 Pac. 21.)·

The great importance of preserving in a liberal degree to the state its police power in irrigation matters is also recog-

nized by the supreme court of Wyoming.  (*Investment Co. v. Carpenter*, 9 Wyo. 110, 87 Am. St. 918, 61 Pac. 258, 50 L. R. A. 747.)

Hugh E. McElroy, for Respondents.

"The courts will not interfere by *mandamus* wherever it is apparent the interests of third persons who are not before the courts are necessarily involved." (*Farmers' High Line Canal Co. v. People*, 8 Colo. App. 246, 45 Pac. 543, and cases cited; *Gen. Land Commr. v. Smith*, 5 Tex. 471; *Mackin v. Gas Co.*, 38 Or. 120, 61 Pac. 134, 62 Pac. 20, 49 L. R. A. 596; *Amer. Water Works v. State*, 31 Neb. 445, 48 N. W. 64; *State v. Town Bd. of Supervisors of Delafield*, 69 Wis. 264, 34 N. W. 123; *Board of Education v. Spencer*, 52 Kan. 574, 35 Pac. 221.)

STEWART, C. J.—This is an application by the appellants for a writ of mandate against the defendants to compel the defendants to classify the lands, to which water is delivered by defendant irrigation district, in accordance with the provisions of Rev. Codes, sec. 3287.  The trial court sustained a demurrer to the complaint and the appellants refused to amend, and judgment was accordingly entered in favor of the defendants dismissing said cause of action.

This action seems to have been brought for the purpose of enforcing the duty imposed by Rev. Codes, sec. 3287.  This section reads as follows:

"When any ditch, canal, or reservoir delivering or distributing water to several users, has one or more rights or priorities by reason of enlargements made from time to time, the right of the land being irrigated by such works shall be divided into classes; rights of the first class belonging to those lands reclaimed between the dates of the first and second priorities or rights of such works; rights of the second class belonging to those lands reclaimed between the dates of the second and third priorities of such works; rights of any other class being determined in like manner; but all the rights belonging to

the same class shall be equal and subject alike to the regulations of their respective class.''

The facts in substance as plead in the affidavit for the writ are about as follows: The Nampa & Meridian Irrigation District is organized as such under the laws of the state and is the owner of an irrigation system in Ada and Canyon counties, distributing water therefrom to water users within and without such district. The appellants claim to be the owners of certain lands under the defendant's irrigation system, and that they have received water from the defendant's district, and its predecessors in interest, at a point on the upper end of the canal, and that such water is necessary for the proper cultivation and irrigation of their said lands; that the defendant district, and its predecessors in interest, have made two separate appropriations from the Boise river of the waters distributed through the said district's system, the first of which was made in May, 1878, to the extent of 8,500 inches, and thereafter the defendant and its predecessors in interest enlarged the canal, and made an additional appropriation of 18,542 inches of water on August 20, 1888; that the land of the appellants was reclaimed and irrigated under the original appropriation of the predecessors in interest of the defendant district made in 1878; that the defendant irrigation district has refused to perform the duty imposed by the statute classifying the lands under the defendant's irrigation system, and on the contrary has distributed water equally to all the water users from the defendant's said system, and placed those receiving water for land reclaimed under the original appropriation and those who receive water and reclaim their lands after the second appropriation and enlargement of the canal, all in the same class.

The lower court seems to have held, and it is so contended upon this appeal, that the trial court had no jurisdiction to require the defendant irrigation district to make a classification of the lands irrigated under its system in accordance with the statute, and that the remedy of the plaintiffs was by a suit to have the priorities of right to the use of water from the

canal determined in a proper action between the sellers and the users of such water.

Under the provisions of sec. 3, art. 15 of the constitution of this state priority of appropriation gives the better right as between those using water. This provision of the constitution has been strictly adhered to in the many decisions this court has rendered construing the same, and this court has universally recognized the rule thus announced, that first in time of appropriation gives the first right to the use of water. In construing sec. 3287 of the Rev. Codes the constitutional provision and the many opinions of this court should be strictly kept in mind. Guided by the rule thus announced, the legislature in enacting the section of the statute above quoted no doubt had in mind the power conferred upon them by the provisions of sec. 1 of art. 15 of the constitution which says: ''The use of all waters now appropriated, or that may hereafter be appropriated for sale, rental or distribution; also of all water originally appropriated for private use, but which after such appropriation has heretofore been, or may hereafter be sold, rented or distributed, is hereby declared to be a public use, and subject to the regulation and control of the state in the manner prescribed by law.'' And in enacting this statute the legislature intended to provide a simple and expeditious way of classifying the rights of water users under a canal system in the absence of and until the actual dates and the extent of the appropriation of the several users of water have been adjudicated and settled by the courts in a proceeding brought in the courts for that purpose. This statute was not intended to in any way control or settle priorities between different consumers of water under a canal system, but was intended only as an administrative measure prescribed by the legislature. Any action that may be taken under the provisions of this section by the owner of a canal system can in no way affect or control the question of priorities between users, and in no way prohibits or limits any user of water in having the question of priority between users settled and adjudicated in the proper courts of the state. The statute is merely administrative, and is the declaration of a

policy in the administration of the distribution of water by irrigation companies which the legislature deems proper and just and which is to be followed by the canal company in the absence of a judgment of a court of competent jurisdiction directing such matters.

This provision of the statute may be the means of preventing much litigation over the priorities of rights of different consumers of water from the same canal, in that the classification made as therein provided may be satisfactory and may be accepted by the consumers, and thereby much litigation and expense may be saved to the consumers. Counsel for respondent argues with much force that the irrigation district in this case has adopted a method of its own which is satisfactory to it, and that it would be impossible to make a classification in accordance with the statute. This statute does not require any impossibility, but it is intended that the owner of the ditch shall make a classification upon such information as it may be able to obtain and in fairness and in accordance with the terms of the statute.

Whenever a ditch company shall make a classification upon such information as it may be able to obtain and in accordance with the terms of the statute, if a mistake is made and a consumer of water is placed in the wrong classification, he can have such classification corrected in the courts, and he is not compelled to accept the classification made by the ditch company. It is no answer to the provisions of the law for an irrigation company operating a canal and selling and renting water to say that they are unable to make a classification in accordance with the statute. In this case counsel for the irrigation district contends that the irrigation system has changed hands a number of times and that they have no record of the contracts made by the previous owners, and for that reason they cannot determine whether the consumers belong to the class who were furnished water under the first appropriation made by their predecessors in interest or under the second appropriation. We know of no one who ought to be in a better position to ascertain this matter than the irrigation district itself. It has succeeded to all the rights of the previ-

ous owners and no doubt has been furnished or can procure a record of the contracts made by the previous owners.  If it cannot procure the exact dates when such consumers received water, they can use their best judgment about such matters, and a classification made by the district based upon the best information they can obtain and honestly and fairly made will answer the provisions of the statute.  This statute no doubt had in contemplation the possibility that owners of irrigation systems might possibly make water contracts in excess of the capacity of the system, and that a shortage might thereby be created in the supply to the consumers under the system, and because of that fact the legislature thought it best to require the owners of a water system to make a classification according to the rights acquired in the reclamation of lands between the dates of the first and second priorities, as one class, and the rights acquired in the reclamation of lands between the dates of the second and third priorities, as a second class, and so on; and by making such classification a record would thereby be made by the distributors of water which would be a reminder of the limit in capacity of the irrigation system, and irrigation companies would be less liable to make contracts in excess of the capacity of the system.

We find nothing in the statute which requires an impossibility on the part of the distributors of water.  The statute requires no specific exactness in doing the thing required by the statute, but the statute does require the distributors of water to act, and that is all that is demanded by the application in this case.

The judgment of the lower court is *reversed* and the trial court is directed to overrule the demurrer and proceed accordingly.  Costs awarded to appellants.

Ailshie and Sullivan, JJ., concur.