(May 20, 1913.)

## J. W. BROSE and ROSINA C. BROSE, His Wife, Respondents, v. BOARD OF DIRECTORS OF THE NAMPA & MERIDIAN IRRIGATION DISTRICT et al., Appellants.

[132 Pac. 799.]

IRRIGATION DISTRICT—CONSTITUTIONAL LAW—STATUTORY CONSTRUCTION—CLASSIFICATION OF LAND—DUTY OF BOARD—DISTRIBUTION OF WATER.

1. The provisions of sec. 3287, Rev. Codes, requiring ditch and canal owners to classify lands reclaimed under their system, *held*, not repugnant to the provisions of secs. 3 and 5 of art. 15 of the state constitution.

2. Secs. 3 and 5 of art. 15 of the state constitution provide that priorities of appropriation shall give the better right as between those using the water.

3. *Brose v. Board etc. Irr. Dist.*, 20 Ida. 281, 118 Pac. 504, cited and approved.

4. Under sec. 3287, Rev. Codes, the canal company is not given the right to ultimately decide the question of priority as between water users. That power remains with the court.

5. The adjustment of land into classes, as required by said section of the statute, is not a permanent classification unless the water users decide to allow it to remain so.

6. Until the question of priority has been determined by the courts, the legislature may prescribe the method of distribution of water among the users.

7. Priority in time gives superiority in right to the use of such water, in the numerical order of settlements or improvements, and if a dozen or more have water from the same appropriation, and if the ditch owner has the water, as he is presumed to have, there would be no difficulty in this manner of distribution.

8. Although there may be difficulty in the board's classifying the land as required by said section, it must classify the land the best it can under such evidence as it has or may be able to obtain.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to compel the district board to classify lands as provided by sec. 3287, Rev. Codes. Judgment for plaintiffs and writ granted. *Affirmed.*

Hugh E. McElroy, for Appellants.

Under the facts, we submit that the legal rights of the parties are so clouded that *mandamus* will not lie until the question of title has been legally determined.

"The courts will not interfere wherever it is apparent the interests of third persons, who are not before the court, are necessarily involved." (*Farmers' High Line Canal Co. v. People,* 8 Colo. App. 246, 45 Pac. 543.) .

"*Mandamus* is an affirmative remedy, and before a peremptory writ will issue the plaintiff's right must be clearly established." (*Mackin v. Portland Gas Co.,* 38 Or. 120, 61 Pac. 134, 62 Pac. 20, 49 L. R. A. 596; *American Waterworks v. State,* 31 Neb. 445, 48 N. W. 64.)

Sec. 3287 conflicts with the priorities recognized by this court in *Gerber v. Nampa & Meridian Irr. Dist.* It neither respects the rights of all persons included in the same priority where the whole priority is a full season right, neither does it respect the priorities between individuals where the same is made necessary by water shortages. This section, therefore, as an administrative measure, does not pretend to administer the water in accordance with the "rights or priorities" of the land owners.

Sec. 3287 provides for a classification of water rights in violation of the priorities established by the constitution. (*Leavitt v. Lassen Irr. Co.,* 157 Cal. 82, 106 Pac. 405.)

"Both the constitution and the statutes of this state recognize the right of a prior appropriator in and to the public waters of this state, and the statute, sec. 3245, declared that 'the first in time is the first in right.' " (*Nielson v. Parker,* 19 Ida. 727, 115 Pac. 488.)

B. S. Crow and C. C. Cavanah, for Respondents.

This case, and the constitutional question therein involved, has already been considered on the appeal from the order of the lower court sustaining the demurrer. (*Brose v. Nampa & Meridian Irr. Dist.,* 20 Ida. 281, 118 Pac. 504.)

The question as to the constitutionality of sec. 3287 was fully discussed and finally decided on the former appeal. The

statute provides for an administrative duty. It does not provide for a final adjudication of the water rights between the settlers or what method appellants shall use in ascertaining what lands are in first class and what in the second class; it leaves this to the judgment of the directors. They must exercise their best judgment in the matter, and when they have done this, they have complied with the statute. If any of the settlers under the canal system deem themselves aggrieved, they can secure an adjudication of the matter among themselves. Because it is difficult to ascertain the classes into which the lands are to be segregated is no excuse for the appellants to refuse to classify and distribute to all lands alike.

SULLIVAN, J.—This is an appeal from a judgment of the district court of the third judicial district, granting a writ of mandate to the board of directors of the Nampa & Meridian Irrigation District, requiring said board to classify the right of the land under the canal of said district, pursuant to the provisions of sec. 3287, Rev. Codes. On a former appeal of this case to this court, the action of the trial court in sustaining a demurrer to the complaint was reversed and the cause was remanded for further proceedings. (*Brose v. Nampa etc. Irr. Dist.*, 20 Ida. 281, 118 Pac. 504.) The defendants thereafter answered, denying the plaintiff's first priority in defendants' canal as alleged in the complaint, and averred that prior to the filing of the answer defendants had classified the lands of plaintiffs; that by reason of adverse user the priorities under defendants' canal had been extinguished; that a suit to determine the priorities to the water of said canal was still pending and undetermined; that the court in which said suit was pending had jurisdiction to determine the duty of water from defendants' canal, and that until such determination, it was impossible for defendant to make the classification demanded, on account of the lapse of time and the destruction of the records of the former owner of said canal.

Said answer contains the following averment: "Defendants allege that under all of the facts and circumstances sur-

rounding the distribution of water from said Ridenbaugh canal to the lands watered therefrom, they cannot make a correct classification of the said rights of water involved herein; that any classification they might make would be entirely unsupported by facts and would be arbitrary and mere guesswork and do great injury to the vested property rights of the users of water from said canal.''

The cause was tried to the court and findings of fact and' judgment entered in favor of the plaintiffs. A motion for a new trial was denied, and this appeal is from the judgment and order denying the new trial.

The errors specified go to the sufficiency of the evidence to support certain findings of fact; the failure of the court to find on certain affirmative defenses set up on the answer; to certain errors of law occurring during the trial, involving the rejection of certain offered testimony; and to the alleged error of the court in entering judgment for the defendants, for the reason that said sec. 3287, Rev. Codes is unconstitutional.

If said section is unconstitutional, then that ends this case. Said section is as follows:

''When any ditch, canal, or reservoir delivering or distributing water to several users, has one or more rights or priorities by reason of enlargements made from time to time, the right of the land being irrigated by such works shall be divided into classes; rights of the first class belonging to those lands reclaimed between the dates of the first and second priorities or rights of such works; rights of the second class belonging to those lands reclaimed between the dates of the second and third priorities of such works; rights of any other class being determined in like manner; but all the rights belonging to the same class shall be equal and subject alike to the regulations of their respective class.''

Counsel for respondents contend that when appellants make the classification provided in said section, it will be their duty in the administration of their system to follow that classification in distributing the water. That no doubt is true, but that

is not an excuse for refusing to classify if the provisions of said section are constitutional.

It is contended that said section conflicts with sections 3 and 5 of art. 15 of the state constitution. That part of said sec. 3 applicable here is as follows: "Priority of appropriation shall give the better right as between those using the water," and of sec. 5: "Whenever more than one person has settled upon or improved land with the view of receiving water for agricultural purposes, under a sale, rental or distribution thereof, as in the last preceding section of this article, provided, as among such persons, priority in time shall give superiority of right to the use of such water in the numerical order of such settlements or improvements."

It is contended that those constitutional provisions require that an irrigation district shall respect the priorities established by the constitution, while the provisions of said section command such district not to do so, and that said section of the statute provides for a classification of water rights in violation of the priorities established by the constitution; also that said section of the statute could have no other purpose than the regulation of the public use of water and that it is intended to govern the canal owner in the distribution of water; and it requires that they shall classify the waters for distribution in direct violation of the priorities established by the constitution, and that under said section 3287 the canal owner is prohibited from voluntarily delivering water in accordance with the constitutional rights of the water user; that as only one-half of the water of the first appropriation had been used prior to the second appropriation, a judgment for the plaintiffs in this case would positively require the ditch owner to classify approximately one-half of the water coming under the first appropriation on the same footing as all of the water rights included in the second appropriation; that the decree of the trial court which was entered strictly in accordance with this statute prevents the canal owner from distributing the water according to the vested property rights of the land owner, and that in principle it is no more difficult for a canal owner to determine who was entitled to water

under the first priority, as defined by the constitution, than it is to determine what land should be included in the first class as provided for by sec. 3287, Rev. Codes, and that a law which relates by its terms to every canal owner in the state and requires that such canal owner shall distribute water in violation of the constitutional priorities of the water user would seem so clearly void as not to admit of any difference of opinion. In support of his contention, counsel cites *Leavitt v. Lassen Irr. Co.*, 157 Cal. 82, 106 Pac. 405, where the court said:

"It is, of course, a truism of the law that an act of the legislature conflicting with constitutional provisions must fall. All of the acts of the legislature regulating or attempting to regulate the public use of waters so appropriated are subordinate to the provisions of the constitution, and, to be valid, must be in harmony therewith."

*Nielson v. Parker*, 19 Ida. 727, 115 Pac. 488, is also cited, wherein the court held that both the constitution and the statutes of this state recognize the right of a prior appropriator in and to the public waters of this state, and that the first in time is the first in right, as declared by both the constitution and sec. 3245, Rev. Codes.

Upon what theory, counsel argues, can a statute be permitted to stand under which the canal owner is not allowed to voluntarily respect such vested rights, but is required to classify the same in direct violation of the constitution? Counsel for respondent contends that the board must exercise its best judgment in this classification, and when it has done that it has complied with the statute; but counsel for appellant responds by asking, why should not the board exercise its best judgment in distributing the water in accordance with vested rights and constitutional priorities rather than in violation thereof? Counsel for respondent says that if any of the settlers under the canal system deem themselves aggrieved by the action of the board in such classification, they can go into court and secure an adjudication of the matter among themselves. But counsel for appellant replies, Why force the water users to go into court to have their rights

adjudicated? Why not permit the canal owner to distribute the water in accordance with the provisions of the constitution voluntarily, instead of forcing him under said statute to distribute the water in violation of the vested rights of the users thereof, and if water is distributed in accordance with the provisions of said section of the statute, it would force needless litigation upon the water user.

We have gone thus far into the contentions of the parties in order that their positions and contentions may be clearly shown.

It is contended by counsel for respondent that this court has already passed upon the constitutionality of said section, and held it constitutional on the former appeal in this case (*Brose v. Board etc. of Irr. Dist.*, 20 Ida. 281, 118 Pac. 504), since the court there held that the board, under the provisions of said section of the Revised Codes, is required "to make a classification upon such information as it may be able to obtain and in accordance with the terms of the statute." This court also held in that case that sec. 1 of art. 15 of the constitution authorizes and empowers the legislature to provide regulations governing the classification of lands to be made by the irrigation company, and to distribute water to consumers under such classification and that the classification made under the provisions of said section can in no way affect or control the question of priorities between the users, and in no way prohibits or limits any user of water from having the question of priority between the users settled and adjudicated by the courts; that said statute is merely administrative, and "is a declaration of the policy of the administration of the distribution of water by irrigation companies," and under said statute it is intended that the irrigation company shall make such classification upon such information as it may be able to obtain in accordance with the terms of the statute, and that if a mistake is made by an irrigation company in making the classification under said statute and a consumer is placed in the wrong classification, he can have such classification corrected in the courts, and is not compelled to accept the classification made by the canal owner.

Under said section of the statute the irrigation company is not given the right to ultimately decide the question of priority. That still remains with the court. The adjustment of land into classes as required by said section is not a permanent adjustment unless the water users decide to allow it to remain so, and such adjustment does not deprive those who consider themselves aggrieved from taking the matter into the courts; but after such classification and until the matter is determined by the courts, the legislature or the state under its police power is not deprived of exercising the method of distribution which it may consider most just between the users of water under a canal. (See *Farmers' Ind. Ditch Co. v. Agricultural Ditch Co.,* 22 Colo. 513, 55 Am. St. 149, 45 Pac. 444.) The importance of preserving to a great extent its police power in irrigation matters is also recognized by the supreme court of Wyoming. (See *Invest. Co. v. Carpenter,* 9 Wyo. 110, 87 Am. St. 918, 61 Pac. 258, 50 L. R. A. 747.)

We are unable to see wherein said section violates that provision of the law or constitution which declares that the first in time is the first in right. The water users under a canal where the water has been appropriated for sale, rental or distribution, are not private appropriators of water. The ditch company's appropriation dates from the time it appropriated the water in accordance with the law. The user's right dates from the time he uses the water, and if a dozen or more users have the water from the same appropriation, among such users, under the provisions of sec. 5, art. 15 of the constitution, "priority in time shall give superiority of right to the use of such water in the numerical order of such settlements or improvements," and it was intended under the provisions of said section that if a canal company had one or more rights or priorities by reason of enlargement of their works made from time to time, the right of the land being irrigated by such works should be divided into classes, rights of the first class belonging to those lands reclaimed between the dates of the first and second priorities, rights of the second class belonging to those lands reclaimed between the dates

of the second and third priorities. There would be no trouble whatever in such distribution if the canal owner owned water sufficient to supply all of the users in such classes, and that is what the provisions of said sections of the statute contemplated, to wit, that all of the land that was irrigated or reclaimed under the first appropriation should receive water for their lands and all that received water after a second appropriation was made should be in the same class, so far as their rights are concerned, to receive water. Such classification is only binding on the user until he has his rights settled by an adjudication in the courts, and the legislature in enacting said section, no doubt, could conceive of no better preliminary method of providing for the distribution of such waters. It would seem to us that under the provisions of said section an irrigation company is not necessarily required to violate any provisions of the constitution in the classification of the land, as the date of the appropriation of water by the company does not fix the date of the user's right, and the land, after water has been used upon it, is entitled to a priority as of that date, upon its owner's complying with the constitution and law, and said section of the statute presumes that the ditch owner must know when he first furnished water for each and every tract of land.

It is next contended that since the irrigation company purchased its main canal and water rights from another company and that company had been operating said canal and distributing water for many years before said purchase, that it is unable to procure any proof as to the lands which were irrigated prior to the time of such purchase, as the greater portion of the records kept by the older company have been destroyed.

The board, no doubt, will experience some difficulty along this line, but they are not required to do impossibilities, but must classify the land, as provided by said section, the best they can under such evidence as they may have or may be able to get. The court is not insensible to the difficulties that are presented to the board in this case, as it appears from the record it will be almost impossible to correctly classify

or put into one class the land that was irrigated under the first appropriation, as no doubt the land was not irrigated in forty-acre tracts as per government survey, but in irregular strips, concerning which it would be impossible at this late day to get evidence necessary to correctly describe the lands which should be placed in such classification. The fact that the plaintiffs in this case were not able to describe their land correctly in their first application only serves to emphasize the difficulty presented to the board in classifying thousands of acres of land, with the records of the original company destroyed, much of the land irrigated having changed hands in the last twenty-five years, many of the first owners having left the country, and with no funds in the hands of the board and no power given to the board to subpoena witnesses. These things show some of the many difficulties in the way of the board in making such classification.

However, the board must proceed and make the best classification it can, and the writ of mandate must issue as prayed for, and it is so ordered, with costs in favor of the respondents.

Ailshie, C. J., and Stewart, J., concur.