[No. 15986.    Department One.    March 28, 1921.]

## WEST SIDE IRRIGATING COMPANY, *Appellant*, v. MARVIN CHASE, *as State Hydraulic Engineer, et al., Respondents.*[1]

WATERS AND WATER COURSES (99)—IRRIGATION—REGULATIONS AND CONTROL. The water code of the state of Washington (Laws 1917, p. 447) authorizes the state hydraulic engineer to control all the waters of the state for irrigation purposes, including those waters which had theretofore been lawfully appropriated or acquired.

STATUTES (72) — CONSTRUCTION — LAWS ADOPTED FROM OTHER STATES. In the construction of statutes adopted from other states, the decisions of such states are of importance.

CONSTITUTIONAL LAW (42) — EXECUTIVE POWERS — ENCROACHMENT ON JUDICIARY—HYDRAULIC ENGINEER. The state hydraulic engineer, in seeking to enforce a limiting agreement between the Federal government and an appropriator as to the use of irrigating water which had been determined and adjudicated by a Federal court, does not act in a judicial capacity.

JUDGMENT (176)—CONCLUSIVENESS OF ADJUDICATION. The fact that a petition for the modification of a judgment is pending does not have the effect of setting aside or vacating the decree which it is sought to modify.

WATERS AND WATER COURSES (102)—IRRIGATION—ACTIONS—LIMITATIONS. In an action by the state hydraulic engineer to enforce water rights as adjudicated upon a "limiting agreement" with the Federal government reducing the quantity of water allowable under its prior appropriation, the defendant cannot base the defense of the statute of limitations upon the date of such prior appropriation.

SAME (99)—IRRIGATION—REGULATIONS—ENFORCEMENT. Under § 8 of the water code, empowering the state hydraulic engineer to regulate and control the diversion of waters in accordance with the rights of parties, he has power to enforce such "rights" as have been established by decree of a Federal court, such action not being an attempted enforcement of the decree itself but of the rights which had been determined thereby.

Appeal from an order of the superior court for Kittitas county, Holden, J., entered May 10, 1920, dismiss-

[1]Reported in 196 Pac. 666.

ing an appeal from a decision of the state hydraulic engineer, after a hearing on the merits. Affirmed.

*Carroll B. Graves* and *Hartman & Hartman,* for appellant.

*The Attorney General* and *Glenn J. Fairbrook* and *Fred J. Cunningham, Assistants,* for respondents.

BRIDGES, J.—About 1890, several owners of land in the Yakima river valley incorporated the appellant for the purpose of bringing water from the Yakima river to their lands for irrigation and domestic purposes. Within a year or so thereafter, this corporation constructed an irrigation ditch by means of which it was enabled to accomplish the purpose for which it had been organized. From that time to the present, it claims to have appropriated at the intake and used one hundred and five cubic feet per second of the waters of Yakima river, and it now claims the right to continue to use such amount of water.

About 1905, the government of the United States contemplated storing surplus waters of the Yakima river and other streams with a view of extensively irrigating and reclaiming large tracts of arable land in the Yakima valley. It found, however, that many persons (among them the appellant) had previously appropriated large quantities of water from the Yakima river and claimed preference rights with regard thereto. Before it would proceed with its project, it determined that it must know accurately the amount of waters which these various prior appropriators would claim. With that idea in view, it negotiated with such users, with the result that all of them entered into a written contract concerning their appropriations. These contracts were, in substance, all alike. They are generally spoken of as "limiting agree-

ments." That executed by the appellant limited the amount of waters which they should take to eighty cubic feet per second from April to September, inclusive, and thirty-four cubic feet per second for October.

The appellant contends that it executed such agreement through mistake, and as a result of misleading statements made by the authorities representing the United States government, and that it has never considered that it was obliged to live up to the terms of the agreement, and that at all times since it was made it has continued to take from the Yakima river, by means of its ditch, the same amount of water it took from the beginning, to wit, one hundred and five cubic feet per second.

In all work done by the government, it has relied on the limiting agreements. In 1915 the United States instituted a suit in the United States district court for the purpose of enjoining the appellant here from taking or using waters in excess of the amount specified in the limiting agreement signed by it. In that case all of the merits of the controversy here were decided in favor of the United States, and it was held that the limiting agreement was valid and enforcible and fixed the rights of the appellant. *United States v. West Side Irr. Co.*, 230 Fed. 284. The appellant appealed from that decision to the circuit court of appeals, where the judgment of the district court was affirmed. *West Side Irr. Co. v. United States*, 246 Fed. 212.

Thereafter, and on or about August 14, 1919, the state hydraulic engineer notified the appellant not to take any more waters from the Yakima river than the amount provided for in the limiting agreement, being the amount adjudicated in the cases above cited. The appellant refused to comply with the request of the engineer and the latter threatened to physically enforce his order. Thereafter, under the provisions of the

water code of this state, the appellant appealed from the decision of the engineer to the superior court of Yakima county. This appeal, being by statute informal, took the form of a petition to that court, wherein the appellant sought to enjoin the engineer from carrying out his threats. Its petition further showed that it had obtained permission to, and had, filed with the United States district court a petition seeking the modification of the original judgment entered by that court some years before. The superior court entered an order temporarily restraining the engineer pending a decision by the Federal district court of the appellant's petition for modification of the previous judgment therein. Thereafter, the district court having denied appellant's petition for modification (*West Side Irr. Co. v. United States*, 264 Fed. 538), the superior court entered its order denying the appellant any relief, and ordering the appeal dismissed. From that determination it has appealed to this court.

The appellant here first contends that the water code of the state of Washington, Laws of 1917, p. 447, does not undertake to control prior appropriations of water and that the state hydraulic engineer has no authority under that code to issue or enforce the order which he had issued and threatens to enforce. We cannot agree with this contention. It is well known that for many years much trouble arose over the right to take water for irrigation and domestic purposes. There were many private disputes, and there were no adequate provisions of law whereby prior rights of appropriators could be easily and satisfactorily settled and determined. From time to time the legislature of the state had enacted laws with the view of correcting the condition thus existing, but they were more or less fragmentary and did not fully meet the situation nor accomplish the purposes desired. In 1917 the legisla-

ture passed the so-called water code, which had been for years under consideration, and which was intended to cover the whole field of irrigation and to correct the abuses which had been inherent in earlier irrigation methods. This code appears to be broad enough to include almost any conceivable right with reference to irrigation, and to provide an inexpensive and ready manner of settling all disputes concerning such matters. We have no doubt that it is sufficiently broad to authorize control by the state hydraulic engineer of the rights which have been adjudicated to the appellant. Section 1 of the water code (Laws of 1917, p. 447) provides that

"The power of the state to regulate and control the waters within the state shall be exercised as hereinafter in this act provided. Subject to existing rights all waters within the state belong to the public . . ."

Section 8 imposes upon the hydraulic engineer the duty of "the supervision of public waters within the state and their appropriation, diversion and use, and of the various officers connected therewith"; and provides that he shall have power to "regulate and control the diversion of waters in accordance with the rights thereto."

Section 10 authorizes the engineer to take such action as will prevent the use of waters, "in excess of the amount to which the owner of the right is lawfully entitled."

Section 5 provides that "the administration of this act is imposed upon an engineer to be known as the state hydraulic engineer."

The act is long and complete and we cannot here further quote from it. That it authorizes the hydraulic engineer to control all of the waters of the state for irrigation purposes, including those which had there-

tofore been lawfully appropriated or acquired, we have no doubt. The state of Washington appears to have been one of the last of the states to enact a full and complete irrigation code. Under these circumstances, it had the advantage of the previous experience of many other states, and an examination will show that the legislature of this state undertook to embody in its code the important and best provisions of the laws from the other states. As a result of this condition, the decisions on the water codes of other states are of importance and in this connection we cite, as supporting our views, *Farm Investment Co. v. Carpenter*, 9 Wyo. 110, 61 Pac. 258, 87 Am. St. 918, 50 L. R. A. 747; *Hamp v. State*, 19 Wyo. 377, 118 Pac. 653; *Brose v. Board of Directors etc.*, 20 Idaho 281, 118 Pac. 504.

But, it is argued, that, if the engineer is given the power for which he contends, he must act in a judicial capacity in the performance of those powers, and consequently the statute to that extent is unconstitutional and unenforcible. In so far as the act applies to the appellant in this case, the engineer is seeking to do nothing more than enforce its rights as they have been determined and adjudicated by the Federal courts of the country, and we are at a loss to see how it can reasonably be argued that in so doing he is in the performance of judicial duties. All the courts, so far as we have observed, have disposed of this question contrary to the appellant's contention. While the following cases may not be considered technically in point in this controversy, yet on principle they are controlling. *Farmers' Independent Ditch Co. v. Agricultural Ditch Co.*, 22 Col. 513, 45 Pac. 444, 55 Am. St. 149; *Ryan v. Tutty*, 13 Wyo. 122, 78 Pac. 661; *Farm Investment Co. v. Carpenter, supra; Brose v. Board of Directors etc., supra; Vineyard Land etc. Co. v. District*

*Court etc.,* 42 Nev. 1, 171 Pac. 166; *Crawford Co. v. Hathaway,* 67 Neb. 325, 93 N. W. 781, 108 Am. St. 647, 60 L. R. A. 605. The following cases from the state of Washington, while not involving water questions, are on principle in support of our contentions here. *State v. Storey,* 51 Wash. 630, 99 Pac. 878; *Hanson v. Soderberg,* 105 Wash. 255, 177 Pac. 827.

The next point made by the appellant is that, in any event, the engineer had no authority to enforce the decree of the Federal court, because at that time the appellant had petitioned the Federal district court to modify its judgment previously made. There are two or three reasons why this position is not tenable. One is, that the petition for the modification could not have the effect of setting aside or vacating the decree which had been entered several years before. That decree was in force and had been affirmed by the court of appeals and was a valid subsisting judgment of the court, and would remain so until it had been set aside or modified by proceedings for that purpose. But, in any event, the lower court granted the temporary injunction restraining the respondent from interfering with appellant's right to take water as it chose, until such time as its petition for modification of the decree in the district court had been determined. It was not until after that petition had been denied by the Federal court that the superior court entered its final judgment dissolving the temporary injunction and refusing to issue or make any permanent injunction. Again, while appellant, pending the proceedings in the lower court, had appealed from the last judgment of the Federal court, that appeal had not been disposed of when the case was finally heard in this court; but since that time, the court of appeals has affirmed the judgment of the district court, so that we now have

a condition where appellant's rights have been fully
and finally adjudicated.

Appellant seems to contend that it has a right to take
from the Yakima river the amount of water it has al-
ways taken, by virtue of the statute of limitations. We
are unable to see how that question is involved in this
case. The respondent is here only undertaking to en-
force a decree of the Federal court adjudicating its
rights, and under those circumstances the statute of
limitations could have no effect.

But it is further argued that in no event had the
state hydraulic engineer any power or authority to en-
force the decree of the Federal court, because he is not
an officer of that court and has no direct authority
under the statute to act in the capacity of enforcing its
decree. We do not think there is merit in this conten-
tion. The water code of this state authorizes the engi-
neer to enforce the ''rights'' of all water users when-
ever and howsoever those rights may have been deter-
mined or adjudicated; and, since appellant's rights
have been adjudicated by competent courts, there is no
reason why the engineer should not have power and
authority—and in fact it is made his duty—to enforce
them. He is not, technically speaking, enforcing de-
crees of the Federal courts, but he is enforcing a right
which the Federal courts have determined existed.

It would seem that appellant asks us to review the
same questions which the Federal courts have decided
in the cases cited, to wit: the validity of the limiting
agreement. At least, at first blush, it would appear
that those questions are not before us. The engineer
was seeking to enforce—not the limiting agreement—
but the rights of appellant as determined by the Fed-
eral courts. But if these questions may be considered
before us, let it be said that we are entirely satisfied

with the answers given by the cases out of the Federal courts and the conclusions reached in those cases.

The judgment is affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOL-COMB, JJ., concur.