(No. 5842.  December 28, 1934.)

ELZUMER SCOTT, CARRIE M. SCOTT, JAMES R. STOTTS, MINNIE L. STOTTS, FRANK MARTIN, ELLA L. MARTIN, O. P. HENDERSHOT, SUSIE HAASER HENDERSHOT, CHARLES TRISLER, EMMA F. TRISLER, L. M. HUDGINS, LENA A. HUDGINS, A. W. CATE, LENA M. CATE, HARRY C. WYMAN, ANNIE R. WYMAN, LOTTIE BARNES BOESS, —— BOESS, EDWIN G. NASH, —— NASH, JOSEPH MAIER, LENA MAIER, B. F. KINYON, LULU KINYON, D. P. RICH, CARRIE RICH, IDA F. MELLINGER, CLARENCE M. PINE, J. O. McDONALD, —— McDONALD, MATHEW E. BECKER, SIBYL S. BECKER, FLORENCE D. HENKE, CYRUS Q. RUE, CORA RUE, J. F. ULMER, and ADA A. ULMER, Appellants, v. NAMPA & MERIDIAN IRRIGATION DISTRICT, Respondent.

[45 Pac. (2d) 1062.] ·

Martin & Martin, for Appellants.

McElroy & Chalfant, for Respondent.

Frank T. Wyman, R. B. Scatterday and Sidman I. Barber, as *Amici Curiae,* on Rehearing.

BUDGE, C. J.—Some time prior to May 1, 1878, Morris and Rossi constructed a portion of the Ridenbaugh canal system and on May 1, 1878, appropriated 8,500 miner's inches of the waters of Boise River. This water was rented and distributed to users having irrigable lands under the system. Some time prior to May 28, 1883, one S. DeCloedt located upon certain land (now owned by appellants) and filed homestead entry on the same May 28, 1883, made final proof June 2, 1888, and received patent June 27, 1889. Soon after settling on said tract of land DeCloedt began to irrigate the same and raise crops thereon with water rented from the Ridenbaugh canal system, and on August 20, 1888, DeCloedt had the entire 160 acres under cultivation and was renting and using thereon 100 inches of water from the Ridenbaugh canal system. On August 20, 1888, Morris and Rossi initiated an additional water right from the waters of Boise River by location and notice. Thereafter, some time between August 20, 1888, and September 2, 1889, Morris and Rossi conveyed their rights in and to the water rights, theretofore initiated under the above referred to appropriations, and the Ridenbaugh canal system to the Central Canal and Land Company, and this company in 1889 commenced the necessary enlargement of the Ridenbaugh canal system to handle the additional water right initiated August 20, 1888. On September 2, 1889, while the enlargement of the canal system was being made, the Central Canal and Land Company sold and conveyed to S. DeCloedt the perpetual right to the use of two cubic feet of water per second from its system. On May 29, 1890, the Central Canal and Land Company conveyed by deed

all its rights and the system to George W. Morrell, this deed of conveyance excepting "those certain water rights heretofore conveyed to . . . . S. DeCloedt." On August 6, 1890, George W. Morrell, by deed, conveyed his rights and the system to the Boise City and Nampa Irrigation Land and Lumber Company, said deed containing the same exception clause, heretofore referred to, with relation to the water right conveyed to S. DeCloedt. On August 20, 1902, the Farmers' Cooperative Ditch Company instituted an action, known as the "Boise River Priority Suit," against numerous appropriators of water from Boise River, including respondent's predecessor in interest, for the purpose of adjudicating the priorities among the several appropriators of the waters of Boise River. On December 1, 1905, the Boise City and Nampa Irrigation Land and Lumber Company conveyed its rights and the system to respondent, the conveyance containing the following clause:

"This conveyance is made subject to all valid outstanding rights to the use of water from canals and water appropriations of said corporation, whether by deed, contract, rental, appropriation, use, or otherwise."

After becoming the owner of Ridenbaugh canal system and the water rights and all other rights connected therewith, respondent was substituted as a defendant in *Farmers' Cooperative Ditch Company v. Riverside Irrigation District et al.* (the Boise River Priority Suit) in place of the former owner, and in January, 1906, was decreed allotment number 67 for 8,500 inches of water with priority of May 1, 1878, and allotment number 106 for 18,542 inches of water with priority date of August 20, 1888. Appellants are all of the collective owners of the 160 acres of land and the water rights therefor referred to above as belonging to S. DeCloedt, which 160 acres was subdivided into small acreage tracts and thereafter acquired by appellants through mesne conveyances from S. DeCloedt. While appellants' lands receive water from the respondent irrigation system, said lands are not a part of the lands of the irrigation district. Since subdivision of the 160 acres the water rights

therefor have been used and operated jointly by appellants for the irrigation of the small acreage tracts making up the whole of the 160 acres. Respondent, a statutory irrigation district, owner of Ridenbaugh canal system, is merely the statutory distributor of the water rights decreed to it and does not hold title to the *use* of any water it distributes. Respondent distributes water to some 27,000 acres of land entitled to the allotments designated as numbers 67 and 106, which 27,000 acres of land includes the collective 160 acres of appellants' land. Respondent likewise distributes to an additional and considerable acreage of what are known as "project lands."

The Boise River Priority Suit, *Farmers' etc. Co. v. Riverside Irr. Dist.,* was appealed to this court and the decisions therein are reported in 14 Ida. 450, 94 Pac. 761, and 16 Ida. 525, 102 Pac. 481. This court affirmed the priorities awarded the various appropriators and reversed the finding and judgment of the lower court to the effect that "bench lands" were to receive one inch per acre and "bottom lands" one and one-tenth inches per acre, and a new trial was ordered for the sole purpose of determining the duty of water. This suit is still pending. The duty of water for various appropriators or various lands has not been fixed or determined permanently. However, since 1915, the trial court, has in the still pending Boise River Priority Suit, from year to year, made an order purportedly "fixing the temporary duty of water for Boise River for the irrigation season of the" particular year involved. These orders substantially recite the same matter as contained in the order of 1919, which is, in part, as follows:

"IT IS HEREBY ORDERED, That from and after the date hereof, until a further order of this Court, all water of Boise River shall be distributed as follows, to-wit: The various rights as adjudicated in the so-called Stewart Decree shall receive 100% until the natural flow of the waters of Boise River shall decrease, until all the rights in said decree can not receive 100%, at which time the various rights adjudicated in the so-called Stewart Decree shall first be

cut to 75% of the amount of water decreed by the Stewart Decree as the natural flow of Boise River decreases, beginning with the latest rights and proceeding to the earliest rights in the order fixed in said Stewart Decree, and after all of the rights shall have been reduced to 75% of the amount fixed in the Stewart Decree, should the natural flow of the waters of Boise River decrease below the amount necessary to supply said 75% of the water rights as decreed in said Stewart Decree, then the various rights, beginning with the latest and proceeding to the earliest as aforesaid, shall be reduced to 60% of the amount specified in said Stewart Decree. Sixty per cent of the amount decreed in the Stewart Decree is hereby fixed and determined as the highest duty of water for the year 1918. . . . . ''

In 1926, 1928, 1929 and 1930, respondent cut the water rights of appellants, especially during July and August of each season, to at least sixty per cent of two cubic feet of water per second which had been conveyed to appellants. Appellants in this action prayed that they be decreed to be the owners and entitled to the perpetual use of their said two cubic feet of water per second of time from respondent's canal without cut or diminution during any part of any season and that respondent be perpetually enjoined from cutting or diminishing said water of appellants during any part of any irrigation season to less than the full amount of two cubic feet of water per second of time. Judgment was entered in favor of respondent and this appeal prosecuted.

Appellants set forth seven specifications of error which all resolve themselves into an objection to the court's finding with relation to the yearly orders of the trial court in the Boise River Priority Suit. The first assignment attacks the italicized portion of the court's finding reciting:

"That ever since the execution of said conveyance to the use of said water by the Central Canal and Land Co., to said S. DeCloedt, the said Central Canal and Land Co., and all its grantees including the defendant herein have

recognized the right of the plaintiffs and their grantors and predecessors in interest to receive the use of said water during each irrigation season of each and every year in accordance with the terms of said conveyance *and the order of the District Court of Canyon County, Idaho, in case of Farmers' Co-operative Ditch Co., plaintiff, v. Riverside Irrigation District, Ltd., a corporation, et al., defendants, a copy of which is attached to the answer of defendant as Exhibit 'A' and is dated May 31, 1919, and similar orders made by said court in said proceedings."*

The remaining specifications of error urge that the court erred in holding that appellants' water rights were affected by the court orders, and were subject to cut; in concluding that appellants take nothing; in entering judgment for respondent; and, in not entering judgment for appellants as prayed.

The important question presented upon this appeal is whether appellants' water rights as evidenced by the conveyances of respondent's predecessors in interest are subject to cut by respondent when cuts are made of respondent's appropriation right by reason of the court orders heretofore ·referred to, irrespective of priority rights. In other words, is it the duty of respondent, irrespective of the sufficiency of the water supply or the court's orders above referred to, to deliver to the water users such as appellants in the order of their priority the full amount of water dedicated (sec. 4, art. 15, Constitution of Idaho; *Niday v. Barker*, 16 Ida. 73, 94 Pac. 761) to their lands?

As between appropriators of the waters of Boise River, as distinguished from users under canal systems, the rights of priority of various appropriators are fixed by the Stewart Decree, which this court affirmed in *Farmers' etc. Ditch Co. v. Riverside Irr. Dist.*, 14 Ida. 450, 94 Pac. 761. This decree fixed the first or prior right of respondent as being a right to 8,500 inches of water, designated as allotment number 67.

█ It is to be borne in mind that we are not here considering a Carey Act contract in which the interest of

the settler is a proportionate interest in the canal system and the water appropriation, or wherein all water rights are of equal rank (*State v. Twin Falls Canal Co.*, 21 Ida. 410, 121 Pac. 139; *Sanderson v. Salmon River Canal Co.*, 34 Ida. 145, 199 Pac. 999), nor are we considering members of an irrigation district. As between the various classes of users under the system of respondent the rights of various users would appear to be governed by the doctrine that priority in use, or first in time of use, gives superiority of right. (Article 15, secs. 4 and 5, Constitution of Idaho; *Gerber v. Nampa & Meridian Irr. Dist.*, 16 Ida. 1, 100 Pac. 88; *Gerber v. Nampa & Meridian Irr. Dist.*, 19 Ida. 765, 116 Pac. 104; *Brose v. Board of Directors*, 24 Ida. 116, 132 Pac. 799; *Mellen v. Great Western Beet Sugar Co.*, 21 Ida. 353, 122 Pac. 30, Ann. Cas. 1913D, 621, and note, p. 625; *Malad Valley Irr. Co. v. Campbell*, 2 Ida. 411, 18 Pac. 52.) Such right, in so far as appellants are concerned, has, temporarily at least, been determined by the classification made by respondent under the mandate of this court in *Brose v. Nampa etc. Irr. Dist.*, 20 Ida. 281, 118 Pac. 504, 24 Ida. 116, 132 Pac. 799, under the provisions of I. C. A., sec. 41–804, formerly C. S., sec. 5629. Appellants' right by such classification has been determined to be a right to water under the first appropriation of respondent, namely, allotment number 67.

As among the various users of the first water right of respondent, designated as allotment number 67, having rights like appellants, the rights of priority would appear to be governed by the foregoing rule of priority in use gives superiority of right (*Gerber v. Nampa & Meridian Irr. Dist., supra; Brose v. Board of Directors, supra; Mellen v. Great Western Beet Sugar Co., supra*), such priorities to be determined in a proper suit therefor.

It will be remembered that in the Boise River Priority Suit of *Farmers' Cooperative Ditch Company v. Riverside Irrigation District, supra,* only canal companies and persons who appropriated water directly from Boise River were made parties. Neither appellants nor their

predecessor consumers were made parties to that action and consequently the priorities of such users of water under respondent's canal system, as between the users of allotment number 67 and as between the users of the various allotments decreed to respondent, were not fixed and determined thereby. (*Farmers' Co-operative Irr. Dist. v. Riverside Irr. Dist., supra; Nichols v. McIntosh,* 19 Colo. 22, 34 Pac. 278; *Brown v. Farmers' High Line Canal & Res. Co.,* 26 Colo. 66, 56 Pac. 183; *Farmers' High Line Canal & Res. Co. v. White,* 32 Colo. 114, 75 Pac. 415; *O'Neil v. Ft. Lyon Canal Co.,* 39 Colo. 487, 90 Pac. 849.)

Without expressing any opinion as to whether the court's orders in *Farmers' Co-operative Irr. Dist. v. Riverside Irr. Dist., supra,* purportedly fixing the duty of water as between the parties before it, bound such parties, such orders would not be binding or effective as against appellants or the numerous users of water under respondent's system similarly situated for the reason that such users, not having been made parties, and not being represented, would not be afforded an opportunity to establish the duty of water for their respective lands.

"*It must be remembered that this was not primarily a case determining the amount of water required to irrigate any particular tract of land; it was not an action between water users and consumers,* but rather an action between the appropriators of water from the natural stream to determine the quantity of water to which each appropriator is entitled and the date from which his appropriation should run. *The finding and decree as to the quantity of water per acre necessary for successful irrigation did not amount to an absolute decree of that quantity to each acre of land,* but rather amounted to an ascertainment of the basis on which all the appropriations were decreed by the court. . . . . *While this finding and decree as to the duty of water would not be binding upon any users or consumers not made parties to the action,* still it becomes important in this case, for the reason that it is made the measure of each appropriator's right as to quantity of water under his

appropriation and diversion." (*Farmers' etc. Co. v. Riverside Irr. Dist.*, 16 Ida. 525, at 532, 102 Pac. 481.)

Respondent is called upon to deliver water to appellants and such users according to their priorities and in accordance with their contracts, the duty of water as between respondent and such users not having been fixed and not being affected by the orders of the court in the Boise River Priority Suit.

From what has been said it follows that the judgment of the trial court is reversed and remanded, with instructions to enter a judgment in accordance with the views herein expressed.

Costs awarded to appellants.

Givens, Morgan, Holden and Wernette, JJ., concur.

### ON REHEARING.

(June 25, 1935.)

BUDGE, J.—A petition for rehearing having been filed and a rehearing granted the cause was again argued. We have carefully examined the record, the opinion and the briefs and authorities of counsel and *amici curiae* and have concluded to adhere to the original opinion.

Givens, C. J., and Morgan, Holden and Ailshie, JJ., concur.